BILLINGSLEY v. WEST et al. (No. 723.)

(Court of Civil Appeals of Texas. El Paso, Oct. 11, 1917. Rehearing Denied Nov. 1, 1917.)

1. SUBROGATION &#9758;7(7)—RIGHT OF SURETIES ON SECURED NOTES.

Though the payment of a note, secured by a deed of trust on a horse, by the sureties on the note, satisfied and extinguished the obligation arising thereon, the maker thereby became obligated upon an implied promise to reimburse the sureties, and, to secure the payment of this implied obligation, the sureties were subrogated to the rights of the creditor under the deed of trust, and were entitled to foreclose it, the lien not being extinguished but preserved for their benefit.

2. EVIDENCE &#9758;423(8) — PAROL EVIDENCE — SHOWING NATURE OF LIABILITY.

Where persons executing a note were sureties, but the note on its face did not disclose such relationship, it was competent for them to show that they were sureties in an action to recover a horse mortgaged to secure the note after a foreclosure of the mortgage.

Appeal from Scurry County Court; C. R. Buchanan, Judge.

Action by N. W. West and another against J. J. Billingsley. From a judgment for plaintiffs, defendant appeals. Affirmed.

Cullen C. Higgins, of Snyder, and Sydney Smith, of El Paso, for appellant. C. S. Perkins, of Snyder, for appellees.

HIGGINS, J. C. T. Moon, N. W. West, and L. O. Johnston executed and delivered to the Snyder National Bank their promissory note in the sum of $150, dated September 9, 1915. West and Johnston were sureties, but the note upon its face does not disclose such relationship. To secure its payment Moon executed a deed in trust upon a horse to O. P. Thrane, trustee, for the use of the bank, dated September 6, 1915, filed for record in the office of the county clerk on September 9, 1915. About December 13, 1915, Moon sold and delivered the horse to J. J. Billingsley for a valuable consideration, who acquired same without actual notice of the bank's lien. Moon defaulted in the payment of the note, and in January, 1916, the same was paid by West and Johnston, to whom the same was transferred and delivered by the bank. Thereafter, at the request of West and Johnston, the trustee foreclosed under the deed in trust and sold the horse to West and Johnston, who thereupon filed this suit against Billingsley to recover the animal. Judgment was rendered in their favor, from which Billingsley appeals.

[1, 2] Appellant contends that the payment of the note by the sureties extinguished and satisfied that obligation as well as the deed of trust lien, and that the subsequent sale under the deed of trust was illegal and void, and the only remedy of the sureties was for contribution against each other. It is quite true that the payment of the note by the sureties satisfied and extinguished the obligation arising thereon, but upon such payment Moon became obligated upon an implied promise to reimburse the sureties, and, to secure the payment of this implied obligation, the sureties were subrogated to the rights of the bank under the deed of trust, and were entitled to foreclosure thereunder. The lien was not extinguished, but was preserved for their benefit. Faires v. Cockerell, 88 Tex. 428, 31 S. W. 190, 639, 28 L. R. A. 528; Bank v. Armstrong, 168 S. W. 873; United States F. & G. Co. v. Adoue & Lobit, 104 Tex. 379, 137 S. W. 648, 138 S. W. 383, 37 L. R. A. (N. S.) 409, Ann. Cas. 1914B, 667; 39 Cyc. 402. This being their legal right, it was competent to show that they occupied the attitude of sureties upon the note. An examination of the cases cited by appellant discloses that the principles which they announce arise upon a different state of facts, and have no application under the facts here presented.

The deed of trust was properly admitted in evidence without the necessity of proving its execution under the provisions of article 3710, R. S.

What has been said necessarily disposes of all propositions presented under the various assignments.

Affirmed.