**GREGG et al. v. TEXAS BANK & TRUST CO. et al. (No. 721.)**

(Court of Civil Appeals of Texas. Beaumont. Nov. 25, 1921. Rehearing Denied Dec. 7, 1921. Additional Findings of Fact Dec. 13, 1921.)

1. **Bills and notes ⬅460—No misjoinder of parties defendant in action on notes.**

Plea of misjoinder of parties defendant was properly overruled where plaintiff was suing several defendants on one note, and for foreclosure of lien of trust deed to secure its payment, and only one of the defendants on five vendor's lien notes, where all the notes in question grew out of and were executed in pursuance of an agreed settlement of a land suit involving title to a tract of land, in which judgment, embodying the settlement agreement, was entered, in view of Vernon's Sayles' Ann. Civ. St. 1914, art. 1842.

2. **Process ⬅4—No citation necessary on cross-action by codefendant.**

A defendant, having entered his appearance in the main case, was not entitled to be served with citation as to a cause of action asserted against him in a cross-action by a codefendant.

3. **Continuance ⬅51(5)—Motions for further continuance properly overruled.**

Where case was postponed and reset at least three times at the instance of defendants, *held*, that court did not abuse its discretion in overruling motions for a continuance by defendants on the ground they were necessary witnesses, and could not be present at the trial because of illness of children and duties to be performed as chief clerk and legal adviser of a state department, especially as the parties appeared and testified by deposition.

4. **Continuance ⬅7—Motions within discretion of court.**

Motions for continuance are purely within the discretion of the trial court.

5. **Subrogation ⬅31(4)—Surety paying note subrogated to rights of mortgagee.**

Where one signing as surety notes secured by trust deed paid off part of them, he became subrogated to the rights of the payee and to the enforcement of the lien of the trust deed for his protection, notwithstanding that the land in question was homestead property.

6. **Pleading ⬅301(3)—Verification on knowledge and belief held not to present issue of non est factum.**

In action to foreclose trust deed, wherein the answer of defendants was sworn to be true "to the best of their knowledge and belief," the verification was not sufficient to present the issue of "non est factum" under Vernon's Sayles' Ann. Civ. St. 1914, art. 1906, subd. 8.

7. **Mortgages ⬅310—No complaint can be made that mortgagee had not released certain frontage where no demand made.**

No complaint can be made, in foreclosure of trust deed providing that 100 feet of frontage should be released for every $250 paid, that mortgagee failed to release any part thereof, although $644 had been paid, where there was never any demand made of plaintiff to release any part of the frontage, and the deed of trust did not designate what portion of same should be released, especially as plaintiff alleged that it was, and had always been, ready to release same when it was advised as to what portion was desired to be released.

8. **Appeal and error ⬅733—Assignments too general for consideration.**

Assignments merely saying that the judgment was contrary to the law and evidence were too general to be considered, under Courts of Civil Appeals rules 24–26 (142 S. W. xii).

Appeal from District Court, Jefferson County; W. H. Davidson, Judge.

Suit by the Texas Bank & Trust Company against D. A. Gregg and others. From an adverse judgment, defendants D. A. and Lorene Gregg appeal. Affirmed.

A. L. Love, of Austin, and Sam C. Lipscomb, of Beaumont, for appellants.

I. W. Lawhon, of Beaumont, for appellee.

O'QUINN, J. The Texas Bank & Trust Company, of Beaumont, Tex., sued D. A. Gregg and wife, Lorene Gregg, and J. M. Gregg in the district court of Jefferson county, Tex., as joint makers of three notes of date November 1, 1917, and payable to plaintiff or its order at Beaumont, Tex., the first note being for $344 and payable May 1, 1918, the second for $300, payable November 1, 1918, and a third for $500, payable May 1, 1919, with interest at the rate of 8 per cent. per annum, and containing the usual 10 per cent. attorney's fee clause.

Plaintiff alleged that J. M. Gregg was an accomodation signer as to D. A. Gregg, but that, as to plaintiff, he was a joint maker and principal, and primarily liable; that the first two of said notes had been paid by said J. M. Gregg, and that he (J. M. Gregg) had paid the interest on the third note up to November 1, 1919, but that said note was past due and unpaid; that said D. A. Gregg and wife, Lorene Gregg, on October 30, 1917, for the purpose of securing the payment of said three notes, executed and delivered to plaintiff a certain deed of trust, wherein they conveyed to one D. K. Woodward, Jr., for the use and benefit of plaintiff, the middle tier of lots facing on Park Row street, in what is known as the Gregg addition to the city of Austin, Tex.

Plaintiff also sued D. A. Gregg on five certain promissory vendor's lien notes, each for the sum of $500, alleged to have been executed by the said D. A. Gregg on November 1, 1917, payable to plaintiff at Beaumont, Tex., and given as payment for lots 2, 3, 4, 5, 6, 7, 8, and 10 in said Gregg addition to the said city of Austin, the first due on November 1, 1919, the second May 1, 1920, the third November 1, 1920, the fourth May 1, 1921,

and the fifth November 1, 1921, each of said notes bearing 8 per cent. per annum interest, payable annually, and containing the usual 10 per cent. attorney's fee clause, and also retaining a vendor's lien on said lots to secure the payment of said notes, and also providing that failure to pay any one of said notes when due, or any installment of interest thereon, should, at the option of the holder of said notes, make all of said notes due and payable, and that two of said notes were past due, and that defendant had failed to pay any portion of said notes or the interest due thereon, by reason of which plaintiff elected to mature all of said notes.

Plaintiff further alleged that on November 1, 1917, it conveyed by special warranty deed said lots 2, 3, 4, 5, 6, 7, 8, and 10 in the said Gregg addition to the city of Austin, in payment for which defendant D. A. Gregg executed the aforesaid notes, and that the execution and delivery of each and all of both series of said notes, and said deed, and said deed of trust, were made and done in pursuance to a settlement of a certain suit that on October 30, 1917, was pending on the docket of the district court of Travis county, Tex., in which the title to and possession of five acres of land, more or less, the same being a part of outlot No. 6, in subdivision E of the city of Austin, except a roadway through same, was in question, and that the said Gregg addition to the said city of Austin was located on said five acres of land, and that in said suit the Texas Bank & Trust Company, plaintiff herein, was plaintiff, and said D. A. Gregg and wife, Lorene Gregg, and the Port Arthur Rice Milling Company were defendants, and that, under the terms of said settlement, as made on said October 30, 1917, it was agreed by all the parties that said lots 2, 3, 4, 5, 6, 7, 8, and 10 of said Gregg addition should be decreed to plaintiff, Texas Bank & Trust Company, and that defendants, D. A. Gregg and wife, Lorene Gregg, should recover title and possession of the north tier of lots in said addition and that the middle tier of lots in said addition should be decreed to defendants, D. A. Gregg and wife, Lorene Gregg, but that said lots should be subject to a lien in favor of plaintiff, Texas Bank & Trust Company, to secure the payment of $1,144, to be evidenced by said D. A. Gregg's and Lorene Gregg's three promissory notes for $344, $300, and $500, respectively, to be of date November 1, 1917, the first to be due and payable May 1, 1918, the second November 1, 1918, and the third May 1, 1919, each to bear interest at the rate of 8 per cent. per annum, payable semiannually, and to contain the usual 10 per cent. attorney's fee clause, and which said notes were to be indorsed by the said J. M. Gregg, and the said D. A. Gregg and wife, Lorene Gregg, were to execute a deed of trust upon said middle tier of lots to secure the payment of said notes,

and the said plaintiff, Texas Bank & Trust Company, was to execute a deed to said D. A. Gregg to the said lots Nos. 2, 3, 4, 5, 6, 7, 8, and 10 in said Gregg addition to said city of Austin, and the said D. A. Gregg was to execute in payment therefor his five vendor's lien notes each in the sum of 500, of date November 1, 1917, the first to be due and payable November 1, 1919, the second May 1, 1920, the third November 1, 1920, the fourth May 1, 1921, and the fifth and last November 1, 1921, each of said notes to bear interest at the rate of 8 per cent. and to contain the usual 10 per cent. attorney's fee clause, and each retaining the vendor's lien on the said lots to secure their payment.

Plaintiff further alleged that said agreement to settle said suit was made on October 30, 1917, and that in pursuance thereof judgment was duly entered in said district court of Travis county, Tex., under the terms of which title to said lots were set apart and vested in the parties as per said agreement, and giving to plaintiff herein, Texas Bank & Trust Company, a judgment lien on said "middle tier" of lots to secure the payment of said first three notes, and that said deed of trust was also executed by the said defendants therein for the benefit of plaintiff to secure the payment of said notes.

Plaintiff further alleged that, by reason of defendant's failure to pay the five vendor's lien notes given plaintiff for the purchase of said lots 2, 3, 4, 5, 6, 7, 8, and 10, and by their failure to pay interest thereon, plaintiff had elected to mature all of said notes, and had elected to declare said conveyance from it to said defendants forfeited, and plaintiff entitled to recover the title and possession of same, and, in the alternative, that, if not entitled to recover the title and possession to said lots, then that it would be entitled to recover judgment upon said vendor's lien notes and to a foreclosure of its lien.

Defendants D. A. Gregg and Lorene Gregg plead in abatement misjoinder of parties, in that said defendants and J. M. Gregg were sued on one note for $500, and to foreclose a deed of trust, and that plaintiff was also suing defendant D. A. Gregg on five notes for $500 each, and for foreclosure of lien. They also answered by general denial and plea of non est factum as to the notes for $344, $300, and $500, and the deed of trust upon the "middle tier" of lots in said Gregg addition, and also pleaded that the land on which said deed of trust was alleged to have been given by them, the "middle tier" of lots in said addition, was a part of their homestead at the time of the alleged execution of said three notes and said deed of trust, and was such long before and ever since said time, and not subject to being mortgaged, except for payment of purchase money, or mechanic's lien for improvements, and denied that said notes were given as any part of the

purchase money for said lots, or for said homestead, or for any improvements thereon, and specially denied that plaintiff had any enforceable lien of any character upon said lots. Said defendants further pleaded that, while they had no recollection of having executed said deed of trust, as alleged by plaintiff, yet they admitted that the records of said Travis county showed that such deed of trust was executed for the alleged purpose of securing the payment of said three notes, and, without admitting the execution of said deed of trust, they alleged that said deed of trust provided that, on the payment of as much as $250 on said notes, a tract or parcel of land 100 feet by 135 feet in said tract (the said "middle tier") was to be released from the lien thereon, and that under plaintiff's pleading $644 had been paid upon said notes, and that the said defendants had not received any release to any part of said tract or lots, and therefore plaintiff had breached its said contract, and by reason thereof was not entitled to a foreclosure of its lien. The said pleas of said defendants were sworn to be true "to the best of their knowledge and belief."

Defendant J. M. Gregg answered, denying all the allegations in plaintiff's petition, except such as were specifically admitted, and, further answering, complained of D. A. Gregg and wife, Lorene Gregg, admitting the execution of said first three notes for $344, $300, and $500 respectively, as alleged by plaintiff, and that he signed same as surety for said D. A. Gregg and Lorene Gregg; that he had paid off and discharged the first two of said notes, the one for $344 and the one for $300, together with all interest due on the third note up to November 1, 1919, and that by so doing he was subrogated to all the rights of plaintiff therein, and therefore entitled to demand and receive of and from his said codefendants, D. A. Gregg and Lorene Gregg, the amounts he had so paid, amounting to $791.65, and was also subrogated to all the rights, liens and remedies held and possessed by plaintiff, Texas Bank & Trust Company, to secure the payment of said notes and interest so paid, and that same were assigned to him by plaintiff at the time he paid same, and that he, the said J. M. Gregg, was then and there the legal owner and holder of same, and pleaded the execution of the deed of trust aforesaid by defendants to secure the payment of said notes, and the judgment lien granted and adjudged in said agreed judgment against said property, and alleged that, to the extent that he had paid off said indebtedness, he was, in law and equity, entitled to be and was subrogated to the rights of plaintiff, and to the foreclosure of said liens. He alleged that said notes were due and unpaid, and that his said codefendants had failed and refused to pay the same, or any part thereof, and prayed that he have judgment against his codefendant, D. A. Gregg, for the principal and interest of the two notes paid by him, with attorney's fees, and for the interest that he had paid on said third note, and for foreclosure of his liens pleaded, and that, if plaintiff recovered judgment against him for any sum, then that he have judgment over against his said codefendant for such sum.

Defendants D. A. Gregg and Lorene Gregg filed a trial amendment, alleging that the deed of trust mentioned in plaintiff's petition specifically provided that, upon the payment by D. A. Gregg and wife of J. M. Gregg of $250 to the Texas Bank & Trust Company, the said bank would release its lien on 100 feet of frontage of the land covered by said deed of trust fronting on Park Row street, and that for every $250 so paid 100 feet frontage of said land would be released from said lien, and that $644 had been paid, and that no part of the tract of land covered by the deed of trust had been released, wherefore plaintiff had breached its contract, and therefore was not entitled to foreclose said lien.

Plaintiff replied to the above by its supplemental petition, admitting that said deed of trust contained the stipulation alleged, and said that defendant J. M. Gregg paid all the money that had been paid, and that he had at no time made any request for a release of any portion of said land from the lien, and that to that time no request had been made, but that it (plaintiff) was and had always been willing to comply with said stipulation in said deed of trust when it was advised as to what part of said property said parties desired a release.

Defendants D. A. Gregg and Lorene Gregg's plea of misjoinder of parties was overruled by the court, and then defendants made motion for a continuance on the ground that neither of said defendants could be present at the trial, because: (1) D. A. Gregg was chief clerk and legal adviser of the market and warehouse department of the state of Texas, and that the commissioner of said department had tendered his resignation, to be effective December 1, 1920; that said commissioner was in bad health, and unable to attend to the duties of said office, and the work and duties of said office as head of the department devolved upon said defendant D. A. Gregg; that, in order that the affairs of said department be ready to turn over to the successor of said commissioner upon the taking effect of said commissioner's resignation, it was necessary that said defendant D. A. Gregg remain constantly in said office or be unfaithful to the interests of the state, which said defendant was not willing to do; that said defendant was a lawyer, intimately acquainted with the facts of the case, one of the defendants, and desired to be present and tes-

tify and assist in the conduct of the case; that said D. A. Gregg, if present, would testify that he did not execute the said vendor's lien notes alleged by plaintiff, and that defendants had not received the deed, to the said lots 2, 3, 4, 5, 6, 7, 8, and 10, and had at no time ever had any such deed in their possession: that he would further testify that the said "middle tier" of lots upon and against which plaintiff claimed to have a deed of trust long had been, was, and is a part of the homestead of defendants, and as such occupied and used by them at the time the alleged deed of trust was executed. (2) That defendant Lorene Gregg could not be present at the trial of said cause on account of the fact that she had several small children, two of whom were sick, and that she had no one with whom she could leave them; that if present she would testify that the premises on which plaintiff asserts a deed of trust was, at the time of the alleged execution of said deed of trust, a part of her and her husband's homestead, and long had been, and that a portion of the "middle tier" of lots covered by said deed of trust for a long time had been and was then cultivated, used, and enjoyed by said defendants as a part of their said homestead, for the use and benefit of themselves, and that she did not knowingly sign any instrument waiving her homestead rights in and to said land covered by said deed of trust.

In a supplemental motion for continuance filed by their attorney, said defendants asked that the cause be continued, for the reason that on November 8, 1920, their said attorney found among the papers of the case the answer and plea of defendant J. M. Gregg, of which answer and plea over against said defendants they had not been served with citation, nor any other manner of service, and that because of same they could not safely go to trial, because at said time they were not prepared to put in evidence that would rebut and defeat said answer and plea of said J. M. Gregg, but that, if given time, they could do so, and prove that no agreement had ever been made by and between them and said J. M. Gregg, whereby he was to have any lien upon said land, but that he simply signed said notes in order to secure a settlement between said D. A. Gregg and his brother, —— Gregg, and that at the time J. M. Gregg agreed with them that he would not seek to hold the said land liable for the sums of money represented by said notes, and further stated, in said supplemental motion, that, if the case was postponed for a few days, said attorney believed he could establish all the facts necessary to defeat the cause of action set up by said J. M. Gregg in his said answer.

On said date, November 8, 1920, defendants D. A. Gregg and Lorene Gregg filed motion to strike out the answer of J. M. Gregg, for the reason that they had not been served with citation as to his plea over against them, and because they were called upon to meet same at a time when neither of said defendants was present, and said claim of said J. M. Gregg had not been made known to them or their attorney, so that the issues raised thereby could have been met by depositions, and on said date defendants' said attorney, as amicus curiæ, filed among the papers of the case a suggestion of the matter of service of citation on said defendants to answer the said plea of said J. M. Gregg over against them.

On said date, November 8, 1920, the case was called for trial, and the court overruled defendants' plea of misjoinder of parties, and also their motion to strike out the answer and plea of their codefendant J. M. Gregg, and likewise their motions for a continuance. A jury being waived, all questions of fact, as well as of law, were submitted to the court, who, after hearing the pleadings and the evidence submitted by the parties to the suit, took the matter under advisement, to await written briefs from counsel, until the 15th day of November, 1920, when he rendered judgment for plaintiff, Texas Bank & Trust Company, against D. A. Gregg and J. M. Gregg on the $500 note signed by said D. A. Gregg and J. M. Gregg in the sum of $595.80, principal, interest, and attorney's fees, and in favor of J. M Gregg against defendant D. A. Gregg for the sum of $874.80, and that said J. M. Gregg be subrogated to the rights of plaintiff in the said judgment lien and deed of trust lien on said "middle tier" of lots in said Gregg addition to the city of Austin, in so far as said liens applied and attached to said property, securing the payment of said first two notes paid by said J. M. Gregg, and that said liens be foreclosed on said property against said D. A. Gregg and Lorene Gregg, the lien of said J. M. Gregg to be secondary to the lien of said plaintiff, Texas Bank & Trust Company, and judgment decreeing that the plaintiff, Texas Bank & Trust Company, recover title and possession of said lots 2, 3, 4, 5, 6, 7, 8, and 10 in said Gregg addition, to all of which rulings and the judgment of the court the defendants D. A. Gregg and Lorene Gregg excepted, and from which they have appealed.

[1] By their first and second assignments of error, appellants complain that the court erred in overruling their plea of misjoinder of parties, because plaintiff has sued defendants D. A. Gregg and J. M. Gregg on one note and for foreclosure of lien to secure its payment, and in the same action had sued defendant D. A. Gregg on five notes and for foreclosure of lien to secure their payment, the said J. M. Gregg not being in any wise connected with said last named five notes, and which said notes were of a different series from the one first named and secured by

a different lien, contending that each of said series of notes constituted a separate and distinct cause of action, and submitting the proposition that different causes of action against different defendants cannot be maintained in the same suit. As an abstract proposition, that would be true, but under the facts of this case we do not believe the contention is sound. The record discloses that the notes in toto in question grew out of and were executed in pursuance of an agreed settlement of a land suit involving the title to a tract of land in which judgment embodying the agreement of the parties was entered, said agreement providing for the execution or all the notes, liens, deed, and deed of trust as alleged by plaintiff, and this suit is but the enforcement of the remedies there given. Besides J. M. Gregg was a co-obligor with appellants on the first notes. The assignments are overruled. Article 1842, Vernon's Sayles' Civil Statutes; Bowden v. Bridgman, 141 S. W. 1043; Cobb v. Barber, 92 Tex. 311, 47 S. W. 963; Dodd v. Rawleigh Co., 203 S. W. 132.

[2] By the third assignment, appellants complain of the court's refusing to strike out the answer and cross-action of their codefendant J. M. Gregg, in which appellants had not been cited to appear and answer said cross-action, and because the first notice they had of said answer and cross-action was when the case was called for trial November 8, 1920, and their attorney found said plea among the papers in the case, appellants contending that a cross-action by a defendant against his codefendants is the institution of a suit against them, and they are not required to answer same until they have been cited on the cause of action asserted in the cross-action. It appears that the original petition of plaintiff herein was filed March 22, 1920; that each of the defendants was duly served with citation to appear and answer; that defendants D. A. Gregg and Lorene Gregg appeared and filed answer May 1, 1920; that defendant J. M. Gregg appeared and filed his answer and cross-action against his said codefendants on October 13, 1920. The case was tried November 8, 1920. Having entered their appearance in the main case, they were not entitled to be served with citation on J. M. Gregg's claim. The assignment is overruled. Sullivan v. Doyle, 108 Tex. 388, 194 S. W. 136; Roller v. Ried, 87 Tex. 69, 26 S. W. 1060; Cruz v. Texas Glass & Paint Co., 199 S. W. 821; Bryan v. Lund, 25 Tex. 98; Hickman v. Swain, 210 S. W. 550.

[3, 4] In their fourth assignment of error, appellants assert that the court erred in overruling their original and supplemental motions for a continuance, said motions being based upon the absence of D. A. Gregg and Lorene Gregg, parties defendant, and also because said defendants not having been cited to answer the cross-action of their codefendant J. M. Gregg, and they having no knowledge of said answer and cross-action until same was discovered by their attorney on the eve of the trial. There is no merit in the assignment. The record discloses that the case was postponed and reset at least three times, at the instance of defendants. The witnesses were parties defendant to the suit, and lived in Travis county, the suit pending in Jefferson county, and the reasons stated in the motion for their absence were not sufficient. The motion was purely within the discretion of the court, and the application showed no legal diligence, and was properly overruled. Mayer, Kahn & Feieber v. Duke, 72 Tex. 445, 10 S. W. 565; McBride v. Willis, 82 Tex. 141, 18 S. W. 205. Besides the parties appeared and testified by deposition.

[5] Appellants complain in their fifth assignment of error that the court erred in excluding the answer of defendant D. A. Gregg to the fifth interrogatory propounded to him, in which answer he would have testified that he owned the residence in which he lived, and had continuously lived therein since 1909; that same was the homestead of himself and family, and that he had continuously used same, together with the adjacent grounds to the same, as a homestead, cultivating a portion as a garden, some as a truck patch, and using some as a poultry yard, and some for general purposes, it appearing that the latter portion, that north of his residence, was part of the "middle tier" of lots upon which plaintiff sought to foreclose its deed of trust lien and judgment lien, and being the same liens to which the defendant J. M. Gregg claimed to have been subrogated because of his having paid the first two notes aforesaid. This testimony was offered to prove the homestead claim of defendants. We do not think the court erred in excluding said answer. The lien sought to be foreclosed arose out of litigation between the plaintiff herein and said defendants, in which the title to the property was involved, and the said lien was established and fixed by a valid judgment of the court in which said suit was pending, said judgment being agreed to and accepted by said defendants, the said judgment awarding the title to and partitioning the property between the said parties, according to their agreement, and the lien was given, both in the judgment and deed of trust, to secure the payment by defendants of the three notes amounting to $1,144, the same being in the nature of purchase money, being for the interest of plaintiff in and to said "middle tier" of lots found to exist by the parties to said agreement and by the judgment of court. 30 Cyc. 238, subd. 10; 21 A. & E. Ency. of Law (2d Ed.) pp. 1179, 1180; 20 R. C. L. §§ 18, 19, p. 736. So that the claim of

homestead exemption cannot be successfully pleaded against said liens, and the defendant J. M. Gregg, having, as surety for defendants D. A. Gregg and Lorene Gregg, paid off the first two of the notes, amounting to $644, and interest on the third or $500 note, is subrogated to the rights of plaintiff pro tanto, and to the enforcement of said liens for his protection, and the homestead claim of defendants can no more affect his rights and remedies under the facts than it could that of plaintiff.

[6] Appellant's sixth assignment complains that the court erred in excluding the following answer of D. A. Gregg to direct interrogatories propounded, to him, to wit:

"I have no recollection of ever having seen any deed of trust at all accompanied by any notice of any kind or character. I have no record whatever of such transaction, and am led to the conclusion that I did not execute such deed of trust or notice accompanying same. I sign many thousand official documents annually, but nothing with a personal nature of this character would make a more vivid impression on my mind than the official document. I don't believe that I signed this instrument, as I never gave but two deeds of trust in my life to my knowledge. Each of these made a vivid impression on my memory. If I signed any such instrument I signed it believing I was signing something else, which did not make any impression whatever on me as affecting my personal interests"

—which was excluded by the court on the objection that the answer of said defendants did not present the issue of "non est factum." The court did not err. The answer of defendants was sworn to be true "to the best of their knowledge and belief." The verification was not sufficient, and did not raise the issue. Article 1906, subd. 8, Vernon's Sayles' Civil Statutes; Cates v. Mass (App.) 14 S. W. 1066; Wilson v. Adams, 15 Tex. 323; Davis v. Campbell, 35 Tex. 779.

[7] The seventh, ninth, and tenth assignments are without merit. They assert that, as the deed of trust sought by plaintiff to be foreclosed on said "middle tier" of lots in sad Gregg addition provided that 100 feet of frontage of said "middle tier" should be released for every $250 paid, and as $644 had been paid, and no release had been given by plaintiff, it was not entitled to a foreclosure, and the court erred in granting same. There was never any demand made of plaintiff to release any part of said "middle tier" of lots from the deed of trust lien and judgment lien, and the provision in the deed of trust did not designate what portion of same should be released, and besides plaintiff pleaded that it was and had always been ready to release same when it was advised as to what portion was desired to be released.

Appellants' eighth and eleventh assignments are overruled. J. M. Gregg, as surety for D. A. Gregg and Lorene Gregg, on the three notes given by them, amounting to $1,-144, upon the payment of the first two of said notes and the interest on the third, was subrogated to the rights of plaintiff in them, and entitled to all the remedies that existed for their forced collection from defendants. Darrow v. Summerhill, 93 Tex. 92, 53 S. W. 680, 77 Am. St. Rep. 833; Faires v. Cockerell, 88 Tex. 436, 31 S. W. 190, 639, 28 L. R. A. 528; Land Co. v. Blalock, 76 Tex. 85, 13 S. W. 12; Dillon v. Kauffman, 58 Tex. 706; Eustis v. Frey, 204 S. W. 118; Billingsley v. West, 197 S. W. 1054; 25 R. C. L. p. 1327; 37 Cyc. 370.

[8] Appellants' twelfth and thirteenth assignments are too general, merely saying that the judgments in favor of plaintiff and J. M. Gregg are contrary to the law and the evidence. They cannot be considered. Rules 24, 25, and 26, Courts of Civil Appeals (142 S. W. xii); Land Co. v. Chisholm, 71 Tex. 528, 9 S. W. 479; Randall v. Carlisle, 59 Tex. 71.

The evidence fully supports the judgment, and same is affirmed.

### Additional Findings of Fact.

Having overruled appellants' motion for rehearing, at their request we make the following additional findings of fact:

(a) Appellee, Texas Bank & Trust Company, in its petition alleged that the five notes for the sum of $500 each were lost. On the trial the said notes were not produced, but plaintiff made proof that it was the owner and holder of said notes, and that they were lost.

(b) It appeared from the deposition of defendant D. A. Gregg that he was a lawyer, and had been engaged in the general practice of law from 1898 to 1906, and from 1914 to 1917, and that he had had considerable experience in the trial of land cases involving many phases of land practice, and one reason urged in the motion for continuance was that he might be present and assist in conducting the trial of the case. We further find that there were no facts shown, either upon consideration of the motion for continuance or in the trial of the case, why he was not present or why he could not be, other than that he was engaged in his private and personal matters as an employé or official as chief clerk and legal adviser of the market and warehouse department of the state of Texas.

(c) That appellants were represented by Hon. A. L. Love, who resided in Austin, Travis county, Tex.

(d) No notice of filing of the answer containing the cross-action of defendant J. M. Gregg had been given to appellants or to their attorney before the case was called for trial, but the answer and cross-action of said J. M. Gregg was filed among the papers of

the case on October 13, 1920, and the case was not tried until November 8, 1920, and we find that appellants and their attorney had notice of said answer and cross-action. The record (transcript pp. 32 and 33). reflects the following entries on the trial docket:

"No. 16226.

"Texas Bank & Trust Company of Beaumont v. D. A. Gregg et al.

"Debt and Foreclosure.

"Crook & Lord,
"I. W. Lawhon, for Plff.
"A. L. Love, for Deft.

"Filed March 22, 1920, on appeal.

"Orders of Court.

"Sept. 20, 1920. Set for Friday, Oct. 1, 1920.
"Sept. 30, 1920. Reset for Wednesday, Oct. 13, 1920, subject to jury docket.
"Oct 13, 1920. This cause having been reset at D. A. Gregg's instance from Sept. 20, 1920 to Oct. 1, 1920, and from Oct. 1, 1920, to this date—and in view of the letters and telegrams considered in connection therewith and of the conditions set out in the motion as being likely to exist at any other time, this court being of equal importance with the local courts of Travis county, the motion for a continuance is overruled, to which D. A. Gregg and his wife except.
"Oct. 13, 1920. Defendants D. A. Gregg and wife demand a jury—and cause given preferred setting to accommodate both sides for Monday, Nov. 8, 1920, at 2 o'clock p. m.
"Nov. 8, 1920. All parties waive jury and submit this cause to the court.
"Nov. 8, 1920. Defendants D. A. Gregg and Lorene Gregg's general demurrer, motion to dismiss and their special exception going to alleged improper joinder of parties are overruled, to which said defendants except.
"Nov. 8, 1920. Hon. A. L. Love does not represent defendants D. A. Gregg and Lorene Gregg, his wife, on J. M. Gregg's cross-action filed October 13, 1920.
"Nov. 8, 1920. Defendants D. A. and Lorene Gregg's motion to strike out·J. M. Gregg's answer and cross-action or to postpone this cause is overruled.
"Nov. 8, 1920. Defendants D. A. Gregg and wife Lorene Gregg's motion and supplemental motion for a continuance are overruled—said defendants having appeared in court on October 13, 1920. and subsequent to the filing of the answer and cross-action of J. M. Gregg—to which said defendants except," etc.

(e) The deed of trust sought to be foreclosed by appellee, Texas Bank & Trust Company, contained the following clause, to wit:

"It is expressly stipulated that upon payment by D. A. Gregg and wife or J. M. Gregg of the sum of two hundred fifty ($250.00) dollars to the Texas Bank & Trust Company of Beaumont, the said bank will release its lien on 100 feet of frontage on what is designated as Park Row street on said plat, and the said bank will release its lien on each and every 100 feet of frontage on said street upon the payment to it of the sum of two hundred fifty ($250.00) dollars, which payments shall be credited on the notes hereinabove described."

(f) J. M. Gregg, prior to the institution of this suit, paid one note for $300 and one for $344, principal and interest, and at the time he paid said notes they were marked "Paid," and delivered to J. M. Gregg, and some time afterwards they were indorsed:

"This note is hereby transferred to J. M. Gregg, but without recourse on us. Texas Bank & Trust Company."

It is not certain from the record whether the above indorsement was placed on said notes before or after the suit was filed, but it does appear that they were simply marked "Paid" by J. M. Gregg at the time he made the payment, and that no formal conveyance of the lien was ever made to him.

⬅For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes