**DOUGHERTY et al. v. CORPUS CHRISTI NAT. BANK. (No. 7097.)**

(Court of Civil Appeals of Texas. San Antonio. Feb. 6, 1924.)

1. **Appeal and error ☞765—Brief filed four days before submission of case and two months after case was filed could not be considered.**

In the absence of any excuse, a brief filed four days before a case was submitted for hearing and two months after the case was filed in the Supreme Court was filed too late, and could not be considered.

2. **Appearance ☞20—Default judgment entered at special term without notice of supplemental petition could not be challenged after appearance.**

Where a married defendant pleaded in abatement to a petition describing her as feme sole, and no action was taken on her plea at that term, as required by Rev. Stats. art. 1910, default judgment entered at a special term after correction of the description by supplemental complaint could not be challenged on the ground that defendant was sued as feme sole and was not notified of such supplemental pleading and judgment, since she was in court by her pleadings, and charged with notice of the order for special term.

3. **Appearance ☞20—Party in court is charged with knowledge of proceedings, judgment, etc.**

A party in court by his pleadings or otherwise is charged with knowledge of the proceedings, all orders, and the judgment in his case.

Appeal from District Court, Nueces County; Samuel J. Styles, Special Judge.

Action by Corpus Christi National Bank against J. C. Dougherty and others. Judgment for plaintiff, and defendants bring error. Affirmed.

Dougherty, Dougherty & Tarlton, of Beeville, for plaintiffs in error.

Kleberg & North, of Corpus Christi, and R. W. Stayton, of Austin, for defendant in error.

FLY, C. J. This is a writ of error sued out from a judgment by default, in favor of defendant in error as against C. C. Henderson and wife, and on a trial by jury as to James F. Welder and Mrs. Estep F. Cubage and others. The judgment was that defendant in error recover of J. C. Dougherty and Mary S. Borden the sum of $18,183.85, and that a lien be foreclosed on 1,064 acres, described therein as a first and prior lien against J. C. Dougherty, Mary S. Borden, H. B. Baldwin, Mrs. Carl C. Henderson, C. C. Henderson, James F. Welder, and Estep F. Cubage. Judgment was also rendered in favor of James F. Welder as against J. C. Dougherty for $1,775.98, the balance due on a certain judgment, and a foreclosure of the judgment lien on the same tract of land, said lien being a second lien and inferior to the lien of defendant in error, and judgment was also rendered in favor of Estep F. Cubage as against J. C. Dougherty in the sum of $2,465.09, balance due on a certain judgment, and for the foreclosure of the judgment lien on the same land, said lien being a third lien, inferior to those of defendant in error and Welder.

This cause was heard on June 4, 1923, at a special term of the district court for Nueces county, which was ordered by Hon. W. B. Hopkins, judge of the district court in and for the Twenty-Eighth judicial district of Texas, said term beginning on May 28, 1923, for a six-week term, ending on July 6, 1923. The record discloses that Judge Hopkins was absent and Hon. Samuel J. Styles was elected and qualified as special judge, as provided by statute.

[1] The record in this case was filed in this court on November 30, 1923, and the case was set down for submission on Wednesday, January 30, 1924, two months after its filing. The writ of error is prosecuted by Mrs. C. C. Henderson and her husband, C. C. Henderson, and they filed a brief herein on January 26, 1924, four days before the day of submission, and defendant in error asks that the cause be dismissed because the briefs were not filed in time. No excuse is offered for the failure to file the briefs in time, and they should not be considered. They present only one point, however, which could have been answered in the time given defendant in error, some of which was consumed in writing the motion to dismiss.

[2] In the third amended petition, upon which, and a supplemental petition filed on June 1, at the special term, the cause was tried, Mrs. Henderson was described as a feme sole, although she was married to C. C. Henderson, and this misdescription of her status is the sole cause of plaintiffs in error's grievance and their bringing up this cause by writ of error. Defendant in error sought to cure its misdescription of Mrs. Henderson, and in its supplemental petition alleged that she was married to C. C. Henderson, and was consequently a feme covert instead of a feme sole. That effort to restore to Mrs. Henderson her position as a married woman is attacked because she had been sued as a single woman, and had not been joined in the suit when brought with her husband, and when so joined by the supplemental petition no notice was given her, and judgment by default was taken without such notice or her appearance. At a former term, in February, 1923, plaintiffs in error had set up her coverture and sought to abate the action as to her. No action was taken on the plea at the term at which it

was filed, and the statute (article 1910, Rev. Stats.) provides that pleas in abatement shall be acted on during the term at which they are filed.

[3] Independent of all this, plaintiffs in error were in court and were sufficiently notified of the status of Mrs. Henderson being changed from feme sole to feme covert. No new parties were made by the supplemental petition, and no new cause begun. She got what she wanted by her plea in abatement, and it was her fault that she did not appear and defend. She was charged with notice of the special term being ordered. The order for the special term was made over two weeks before the special court convened, and plaintiffs in error were in court by their pleadings. They failed to appear at the special term, and to avoid the judgment by default they are attacking it on the ground that they had no notice of the suit. When a party has been brought into court the rule of law is that he knows the proceedings of the court. He is charged with notice of all orders in his case, and will not be heard to plead ignorance of all the proceedings and judgment rendered in the cause. Watrous v. Rodgers, 16 Tex. 411; Jordan v. Corley, 42 Tex. 286; Perkins v. Wood, 63 Tex. 396. The plea in abatement invoked the only amendment made, and no other relief was sought than that which plaintiffs in error had been brought into court to answer.

The judgment is affirmed.