## EVANS v. McNEILL.
### No. 7614.

Court of Civil Appeals of Texas. Austin.
July 1, 1931.

Rehearing Denied July 25, 1931.

Nunn & Love, of Georgetown, Claud Westerfeld, of Dallas, and W. F. Robertson, of Austin, for appellant.

E. H. Lawhon, of Taylor, and E. A. Camp, of Rockdale, for appellee.

BLAIR, J.

On June 20, 1930, appellant sued appellee for an accounting upon two written contracts, by the terms of which the parties became interested in acquiring oil and gas leases, and in drilling oil wells, and providing that appellant was to receive $100 per month for his services in locating oil and gas deposits, and to also receive one-eighth of the net profits from sales of leases, oil or gas; appellant alleging that $500 was due him as salary; and that numerous leases were taken in the name of appellee, which he sold, sublet, or assigned without advising with or paying appellant anything therefor; and appellant prayed for an accounting of the partnership business, the appointment of a receiver of the properties, and for dissolution of the partnership. On July 12, 1930, appellee answered by a general demurrer, special exceptions, a general denial, and a special plea under oath that both contracts had been terminated by mutual agreement in writing, settling all matters between the parties. On July 12, 1930, appellant filed his supplemental petition, denying under oath that he had executed any writing terminating the contracts; and on the same day appellee filed his supplemental answer, reaffirming that appellant had executed a release of the contracts; and that appellant had, on July 8, 1930, executed and delivered his written confirmation of the said release.

On October 7, 1930, appellant filed his second supplemental petition, denying that he had executed any confirmation of the release, which was signed by his counsel. On the same day, October 7, 1930, appellee filed what was designated "Defendant's Second Supplemental Answer," but which in fact was his second supplemental or amended answer and cross-action, reaffirming that appellant had released the contracts and had confirmed said release in writing; and by cross-action prayed that the contracts and the lis pendens notice of the suit be cancelled and annulled as a cloud upon the title to his leases in Williamson county; whereupon the following, according to the recitations in the judgment, transpired:

"On this October 7, 1930, being the date on which this case was set for trial came on to be heard this case, and thereupon same

the plaintiff and defendant by their respective attorneys, and thereupon the following proceedings was had, to-wit:

"Plaintiff requested leave to file his second supplemental petition which request was granted. The defendant requested leave to file his second supplemental answer and cross-action, which request was granted, and thereupon the plaintiff requested the court to pass upon the defendant's special exceptions, and thereupon defendant announced that since this was to be a trial on the merits he would waive all of his special exceptions to plaintiff's pleadings. Thereupon plaintiff announced that he would be ready for trial on the application for receivership but did not understand that the case was set on its merits for this date but the court was of the opinion that the case was set for this date for the consideration of not only the application for receiver but for the case to be disposed of on its merits. Thereupon the plaintiff verbally requested that the case be continued to which the defendant objected, and plaintiff was granted time in which to prepare and file his formal motion for continuance but which motion was never filed. * * * Thereupon defendant insisted that plaintiff be required to announce and that the trial proceed, but plaintiff failed to announce or to present a written motion for continuance and upon being requested by the court to take some action, the plaintiff verbally moved to dismiss this suit to which the defendant objected because he had heretofore filed a cross-action and which request on that account was by the court refused. Thereupon the plaintiff requested that he be permitted to take a non-suit, which request was granted without prejudice to defendant's cross-action, and thereupon defendant announced ready on his cross-action and demanded trial but plaintiff remained silent. There being no jury and the matters of law and of fact being submitted to the court, the court after the foregoing proceeding and after the hearing of the pleadings and evidence, finds and is of the opinion that the law and the facts are with the defendant on his cross-action and that he is entitled to the relief prayed for by him."

Accordingly judgment was rendered for appellee canceling and annulling the contracts sued upon by appellant and the lis pendens notice of his suit as clouds upon title to land and leases owned by appellee; hence this appeal.

It is the contention of appellant that this judgment was by default, without citation or notice to him of the cross-action of appellee, and therefore void. We do not sustain the contention. It is true that no citation was issued out of the cross-action, but after it was filed counsel for appellant appeared in the case and sought a continuance of the case, and, failing in this, sought to dismiss appellant's suit, which was refused because appellee had filed his cross-action. Counsel then took a nonsuit, which, under order of the court, was without prejudice to appellee's cross-action; and, although asked to do so by the court, counsel in open court refused to further appear or answer in the cross-action seeking to cancel and annul the very contracts sued upon by appellant, but "remained silent" as the court proceeded to try the cross-action.

It is a settled rule that, where a plaintiff in a suit appears, either in person or by counsel, and proceeds with the trial of the cause, such as asking for a continuance, seeking to dismiss his suit, taking a nonsuit without prejudice to a cross-action filed, and in open court refuses to appear or answer in the cross-action theretofore filed, growing out of the subject-matter of his suit, he must take notice of each and every pleading theretofore filed, including the cross-action. Sullivan v. Doyle, 108 Tex. 368, 194 S. W. 136; Roller v. Reid, 87 Tex. 76, 26 S. W. 1060; York v. State, 73 Tex. 651, 11 S. W. 869; Edinburg Irrigation Co. v. Ledbetter (Tex. Civ. App.) 247 S. W. 335; Gregg v. Texas Bank & Trust Co. (Tex. Civ. App.) 235 S. W. 689; Dougherty v. Bank (Tex. Civ. App.) 258 S. W. 501.

Nor was the judgment rendered against appellant by default. Appellant's pleadings for recovery on the two contracts remained a part of appellee's pleadings on his cross-action to cancel and annul the contracts, even after appellant took his nonsuit. Howe v. Central State Bank (Tex. Civ. App.) 297 S. W. 692 (writ ref.). Counsel for appellant refused on request of the court to answer or proceed in the cross-action after he had taken a nonsuit for appellant. The judgment taken under these facts was not one by default, but a "judgment nihil dicit," which amounts to a confession of the cause of action stated, and carries with it, more strongly than a judgment by default, admission of the justice of appellee's cross-action. Howe v. Bank, supra.

Nor do we sustain appellant's contention that the court erred in rendering judgment canceling and annulling the lis pendens notice, because appellant had theretofore taken a nonsuit, which terminated the lis pendens notice as a matter of law. If such be the rule, to which we agree, then no harm could come to appellant because the court canceled and annulled the lis pendens notice, which had already become canceled and annulled by virtue of appellant taking his nonsuit.

The judgment of the trial court will be affirmed.

Affirmed.

270

## On Motion for Rehearing.

On motion for rehearing appellant insists that he made no such appearance in this suit after the filing of the cross-action as would render unnecessary service of notice on him of the cross-action, and cites in support of his contention the cases of Harris v. Schlinke, 95 Tex. 90, 65 S. W. 172; and Early v. Cornelius (Tex. Com. App.) 39 S. W.(2d) 6, 8. These cases merely apply to their own facts the general rule of law announced in our original opinion, and reannounced in the last case cited as follows: "Although the plaintiff is charged with notice of all pleadings filed in defense of his suit, he is entitled to notice of interventions and cross-actions affirmatively setting up causes of action against him, and judgments rendered against him upon such interventions and cross-actions, in the absence of notice, waiver, or appearance, will be set aside."

· But the facts in the instant case clearly show an appearance by counsel for appellant after the filing of appellee's cross-action which grew out of the subject-matter of appellant's suit. That is, appellant's suit was upon two written contracts, and appellee's cross-action was to cancel the contracts as clouds upon title to real estate. The recitals in the judgment show that, after the filing of the cross-action, counsel for both appellant and appellee appeared in open court. The case was called for trial and counsel for appellant requested the court to pass upon appellee's special exceptions to the petition. Counsel for appellee announced that, since the trial was to be on the merits, the exceptions would be waived. Counsel for appellant announced that he was not ready on the merits, but thought that the case was set for a hearing on the application for receivership of the properties involved in the contracts in suit. The trial court held that the case was set for hearing on its merits, whereupon counsel for appellant verbally requested that the case be continued; and, upon objection of counsel for appellee to the continuance, counsel for appellant was given time to prepare and file a motion for continuance. No motion was filed. Counsel then deposited a jury fee and requested that the cause be placed on the jury docket, to which appellee objected on the ground that such procedure would work a continuance of his case, and the court so ruled, sustaining appellee's objection. Counsel then announced that appellant had not complied with appellee's motion for a cost bond, and that the cause should be continued in order that he might comply with the motion. Appellee requested and was granted permission to withdraw his motion for cost, and insisted that appellant be required to proceed with the trial; whereupon counsel for appellant moved to dismiss the suit, which motion was overruled upon appellee's objection that he had filed a cross-action. Counsel for appellant then requested that he be permitted to take a nonsuit, which request was granted by the trial court, but without prejudice to appellee's cross-action. Appellee then announced ready on his cross-action, and, although the trial court requested counsel for appellant to proceed with the trial of the cross-action, he refused to do so, but "remained silent." Manifestly these facts constitute an appearance by appellant in the suit after the filing of the cross-action, under the rule announced in the cases cited by appellant, as well as cases cited in the original opinion, and the following cases: Davis v. Wichita State Bank & Trust Co. (Tex. Civ. App.) 286 S. W. 584; Degetau v. Mayer (Tex. Civ. App.) 145 S. W. 1054; Mueller v. Heidemeyer, 49 Tex. Civ. App. 259, 109 S. W. 447; and Morrison v. Walker, 22 Tex. 19.

Motion overruled.