## W. K. THOMASON et al. *v.* MARY A. NEELEY.

1. FRAUDULENT CONVEYANCES — EFFFCT THEREOF. — The statute condemns a fraudulent conveyance to be utterly null and void as to creditors, and they have the same rights against the property embraced in the conveyance as though it never had been made; in effect, the debtor still owns the property, and the creditor may pursue his process for satisfaction as though the title were unembarrassed by the fraudulent deed.

2. CHANCERY PRACTICE — CROSS BILL — ITS OFFICE. — A cross bill is a proceeding to procure a complete determination of a matter already in litigation. The party as against the complainant in the original bill, is not obliged to show any ground of equity to support the jurisdiction of the court. Story Eq. Pl., § 339. The appearance of a defendant to a cross bill is enforced in the same manner as to the original bill. 2 Daniels' Ch. Pr., p. 1652. The dismissal of the original bill, as a general rule, would carry with it the cross bill. Ladner et al., v. Ogden et al., 31 Miss., 340.

3. SAME — WAIVER THEREOF. — If the defendant has neglected for several terms to take out process or prepare the case made in the cross bill, the same may be considered as abandoned, at the final hearing for such laches. It is appropriate as against a judgment creditor, who sues in equity to set aside a fraudulent conveyance, to claim in a cross bill that the homestead of the defendant debtor may be assigned by metes and bounds.

APPEAL from the Chancery Court of Chickasaw County.    Hon. AUSTIN POLLARD, Chancellor.

This was a bill to set aside a fraudulent conveyance by one who was not a debtor at the time of making the conveyance.

The party was suing for damages, but had not recovered a judgment when the deed was executed.

The errors complained of are:

1. The court erred in rendering a decree setting aside the transfer of the real estate as fraudulent.

2. The court erred in adjudging the complainant a creditor.

3. The court erred in decreeing the property which was exempt from seizure and sale under execution at the time of making the deed, which was declared fraudulent, was the property of the creditors of Thomason.

4. The court erred in not requiring an answer to be made to the cross bill of defendant.

*Tucker, Harper & Buchanan,* for appellants, insist:

1. That as the answer of the defendant is made a cross bill, and there being no answer thereto, the decree cannot be sustained.

2. That the decree decides the conveyance, made by appellant, fraudulent as to appellee and others who were suing for unliquidated damages at the time the deed was executed, and having no evidence of debt at the time, are not creditors in the sense in which it is used in the statute.

*Houston & Reynolds,* for appellee, contended:

1. That the deed is fraudulant on its face, because it ties up the sale of the property indefinitely, and reserves to the grantor the enjoyment of it until that indefinite period.    Arthur v. Com. B. of Vicksburg, 9 S. & M., 394; Farmers' Bank v. Douglas, 11 S. & M., 469.

2. That appellee was a creditor, within the meaning of the statute, at the time the deed was executed, leaving a suit pending for damages for a tort, and cited Green v. Wright, 6 Grattan, 154; Hall v. Sands, 52 Maine, 355; Pennington v. Clifton, 11 Ind.,

162 ; Rogers v. Evans, 3 Ind., 574; Findey v. Cooley, 1 Black-ford, 262 ; Doyle v. Sleeper, 1 Dana (Ky.), 532; O'Daniel v. Crawford, 4 Dev., 197; Livermore v. Boutelle, 11 Gray, 217 ; 5 Sneed, 531; 2 Heisk., 343 ; Bump on Fraudl. Con., 485.

3. That although creditors cannot assail a conveyance of exempt property, however fraudulent it may be, still such conveyances are good and valid as between grantor and grantee, and will not be set aside at the instance of the grantor.

4. That the cross bill should have been dismissed, as it was without equity. It did not require an answer, as it prayed for relief only in the event of a contingency, and that contingency could not happen until the court pronounced its decree in the case as made by the original bill. That the cross bill put in issue no facts which were not presented by the bill and answer, and it was a matter of defense if available at all, and not of relief. That the cross bill was filed in 1867. The final decree was rendered in 1873. That eighteen terms of the court passed from the filing of the cross bill to the final termination of the cause, and no decree, *pro confesso* or answer is asked for; hence the cross bill was waived by both parties.

SIMRALL, J., delivered the opinion of the court.

Mary A. Neeley, who purchased the land in controversy at sheriff's sale, under executions issued upon judgments, recovered against W. K. Thomason, exhibited her bill in chancery against Thomason and Hughes, to vacate and set aside a deed executed by Thomason, conveying the premises in trust to Sadler and Drake, with power to sell to pay the debts therein mentioned; and also to annul and cancel the deed made by these trustees to Hughes, who purchased at their sale.

The ground of assailing these conveyances is, that they were contrived and made to hinder, delay and defraud the complainant and others, creditors of Thomason, of their debts, suits and damages.

It is not complained so much that the decree is erroneous, declaring the nullity of these deeds, as that there was error in not hearing Thomason's cross bill and decreeing upon it. The cross bill claims that if the court should decree the trust deed and the conveyance to Hughes to be void, as to the complaint, then it should assign and designate to Thomason two hundred and forty acres of the land as his homestead. We have held, in several cases, analogous in features to this, that as the statute condemned a fraudulent conveyance to be null and void as to the creditor, he has precisely the same extent of right against the property embraced in it as though it never had been made. In effect, the debtor owns the property with the same extent of interest as though he never had conveyed, and the creditor has a lien under his judgment, quite as controling over the title as though the fraudulent deed had never been executed. The creditor may treat his debtor as owner of the property, and may pursue his process for satisfaction as if the title were unembarrassed by the fraudulent deed. The parties standing in this relation to the property, the creditor can only sell under his execution so much of the property as is not exempt from seizure and sale.

This right of Thomason to have been assured in his homestead exemption, by excepting it out of the operation of the sheriff's deed to Mrs. Neeley, and designating and marking its boundaries, was a subject entirely appropriate to be presented in a cross bill.

Since a cross bill is a proceeding to procure a complete determination of a matter already in litigation, the party is not as against the complainant in the original bill, obliged to show any ground of equity to support the jurisdiction of the court. Story Eq. Pl., § 339. Burgess v. Wheate, 1 Eden, 190.

The complainant seeks to establish her title to the entire tract of land, and to vacate the claims of the defendants under certain deeds. But Thomason claims if these deeds shall be cancelled as nullities, nevertheless he has an interest in the land, his homestead exemption, which he prays may be protected. This is mat-

ter germain to and growing out of the subject of the original bill, and therefore fit to be preferred in a cross bill. Daniel v. Morrison, 6 Dana, 186. Rutland v. Paige, 24 Vermont, 181.

At the same term, or shortly after the original bill had been dismissed, Thomason moved that the case be heard on the cross bill. The response of the court to that motion was a dismissal of the cross bill.

If that order was predicated on the idea that the cross bill did not contain a subject connected with the matter of the original bill proper to be litigated in that form, as an auxiliary and dependency of the original suit, it would, as we have seen, have been a misconception of the rule.

We do not consider the action of the court as resting upon that ground, or as at all passing upon the merits of the cross bill.

The answer and cross bill were filed on the —— day of ——, 1867. The decree dismissing the original bill was rendered April 22, 1872, nearly five years after the filing of the answer and cross bill. In the mean time no steps were taken under the cross bill. No subpœna was taken out against the complainant; indeed, no defendant is made to it, nor is process prayed against any person. These were necessary in order to make and bring before the court the necessary parties. The appearance of a defendant to a cross bill is enforced in the same manner as to the original bill. 2 Daniel Ch. Pr., p. 1652. The statute of February 15, 1838, changed the practice as it had prevailed in chancery courts in two particulars. First, the defendant might introduce new matter material to his defense, and call upon the complainant to answer the same on oath, which the complainant must respond to, or the defendant may make his answer a cross bill against the complainant or against a codefendant or defendants, or all of them, " upon which no subpœna shall issue, unless new parties are made," but the complainant or codefendants shall answer thereto * * and on failure to answer, may be taken for confessed. Under this statute the answer might perform the office of a bill of discovery

simply, or that of a cross bill.   Hut. Code, p. 770, § 1.  The revision of 1857, p. 548, art. 51, altered the statute of 1838, so as to require process against the defendants to the cross bill, and like proceedings thereon as in other bills or cross bills.   This article 51 is brought forward into the Code of 1871, § 1030.   The existing statute allows the answer to be made a cross bill against the complainant and codefendants or all of them, but returns to the practice which always prevailed in the chancery court, that the defendants thereto must be served with the same process used to compel the appearance of defendants to the original bill.

The cross bill is auxiliary and a dependent of the original bill in aid of the defense thereto, so that the final determination may be complete as to the subject matter.   It would follow that, ordinarily, the plaintiff in that bill should be prepared for hearing when the cause is heard on the original bill, and that a dismissal of the original bill would carry with it the cross bill.   On that point see Ladner et al. v. Ogden et al., 31 Miss. Rep., 340, 344. The long delay and laches of Thomason in respect of his cross bill, justified the court in concluding that he had abandoned it, and that he had elected to rely exclusively on his answer.   Whether the cross bill went along with the dismissal of the original bill or not, in that view of negligence and laches, the court did not err in dismissing it.

Decree affirmed.