Sidon Harris et al. v. Carl Schlinke.

No. 1049. Decided November 25, 1901.

**1.—Reconvention—Removal of Cloud—Citation of Plaintiffs.**

On a cross-bill filed by defendant in a suit of trespass to try title, seeking to remove the cloud of plaintiff's claim, it was error to proceed to trial and give defendant the judgment so sought, against plaintiffs who had not been cited to answer the cross-bill nor appeared in court after it was filed. (Pp. 90-92.)

**2.—Same.**

The proper practice in such case was to dismiss plaintiff's suit, when called for trial, for want of prosecution, and decline to proceed on the cross-action till service on or appearance by plaintiffs. (P. 90.)

**3.—Same—Pleading—Notice.**

Plaintiffs are bound to take notice of all pleadings of defendant in answer to the claim made in their petition, but not of an independent claim asserted by defendant in the suit as matter of convenience. (P. 91.)

4.—Cases Distinguished.

Browning v. Pumphrey, 81 Texas, 166, and various cases resting upon statutes, distinguished from the present one. (Pp. 90, 91.)

Error to the Court of Civil Appeals for the Third District, in an appeal from Concho County.

Harris and others sued Schlinke, who had judgment in his favor, from which plaintiffs appealed. The judgment being affirmed, they then obtained writ of error.

*Sidon Harris,* for plaintiffs in error.—The plaintiff Carrie Chew being a lunatic without guardian, no judgment could be rendered against her when no one put in an appearance for her when the case was called for trial. Nonsuit could have been properly entered, but no affirmative action could have been had without first appointing a guardian ad litem, as neither the next friend nor attorney appeared for the lunatic. Ashe v. Young, 68 Texas, 125; 5 Am. and Eng. Enc. of Law, 658; Hoodless v. Winter, 80 Texas, 641.

In trespass to try title, the plaintiff failing to appear, the only proper course of procedure is to nol pros the suit at his cost for failing to prosecute.

We think our first proposition finds moral support in Ashe v. Young, 68 Texas, 125; and our second proposition seems sustained pointedly by this court in Browning v. Pumphrey, 81 Texas, 166.

*Hill & Wright, G. H. Garland,* and *F. M. Newman,* for defendant in error.—Plaintiffs in any case must take notice of the pleadings filed by defendant. It is not necessary for defendant to give any notice.

Defendants had the right to plead affirmative matter, and on the failure of plaintiffs to appear and prosecute their suit the defendants were entitled to introduce proof on their pleadings and take judgment for the land.

It is not necessary to have a guardian ad litem appointed for a person of unsound mind who, as plaintiff, sues by next friend, which is the case in controversy.

The authorities cited by plaintiffs in error do not sustain their proposition. It has always been recognized in our courts that defendants can plead any affirmative matter, and that it is not necessary to notify plaintiff of the filing of any plea by defendant. The case of Browning v. Pumphrey, 81 Texas, 166, cited by plaintiff in error, holds that it is not improper, on the failure of plaintiff to appear, for the court to render judgment in favor of defendants on their cross-bill.

BROWN, ASSOCIATE JUSTICE.—On the 14th day of August, 1899, Sidon Harris, Amelia P. Withrow, and Carrie Chew, a person of unsound mind suing by her next friend, A. P. Withrow, filed suit in the

nature of trespass to try title in the District Court of Concho County against Carl Schlinke to recover from him certain tracts of land described in the plaintiff's petition. The defendant was served and appeared on the 2d day of the term, November 7th, and filed his answer, which consisted of a general demurrer, a plea of not guilty, and a special plea in the nature of a cross-bill, in which he set up title to the land in himself, alleging that the title asserted by the plaintiffs constituted a cloud upon his title and prayed that the cloud be removed. The plaintiffs in the case were not served with this cross-bill nor did either of them appear in person or by attorney.

The regular judge of the court being absent, a special judge was elected according to law and qualified, after which court was opened and the docket called regularly until this case was reached, when the plaintiffs having failed to appear, the defendant announced ready for trial. No jury was demanded, and the case was submitted to the judge on the evidence and argument for the defendant. Judgment was entered that the plaintiffs take nothing by their suit and that the cloud cast upon defendant's title by plaintiff's claim be removed, and that the plaintiffs pay all costs. The court adjourned on the next day and within due time the plaintiffs sued out a writ of error to the Court of Civil Appeals, which affirmed the judgment of the District Court.

The only question presented in this case is, did the court have jurisdiction of the plaintiffs in this suit to render judgment against them upon the cross-bill filed by the defendant, Schlinke, there being no service upon the plaintiffs, they not having appeared in the case after the cross-bill was filed? It is well settled in this State that a plea in reconvention or cross-bill occupies the same attitude as an independent suit, so that the discontinuance of the main suit will not affect the reconvention or cross-bill. The defendant in the main suit is plaintiff in the cross-bill, and the plaintiffs in the main suit, against whom the cross-bill is filed, occupy the position of defendants with reference to that pleading. Bradford v. Hamilton, 7 Texas, 55. If the plaintiffs in this case had appeared on the day of trial, they might, over the protest of the defendant, have dismissed the original suit, leaving the cross-bill pending as a suit in favor of defendants against the plaintiffs. The plaintiffs in the case having failed to appear, the proper practice was, for the court to have dismissed the original suit for want of prosecution. Houston v. Jennings, 12 Texas, 487; Browning v. Pumphrey, 81 Texas, 166. In the case last cited, the facts were very similar to this case. A cross-bill had not been filed, of which the plaintiffs had no notice and to which they had made no appearance. The case being called, and plaintiffs having failed to appear, the court proceeded as in this case to enter judgment that the plaintiffs take nothing by their suit and in favor of the plaintiffs in the cross-bill for the relief prayed for in that pleading. The plaintiffs in the main case made a motion for new trial during the term of the court, which, being overruled, they failed to appeal, but, after adjournment, brought that action for a new trial.

Speaking for the court, Judge Stayton said: "Proper practice on the failure of the plaintiffs to be present and prosecute their action would have required that the case should have been dismissed without further action." The court declined to pass upon the question as to whether there was such jurisdiction as would sustain a judgment on a collateral attack, but said of that proceeding: "If the action of the court in this respect was not proper, plaintiffs might have had relief by appeal." A careful examination of the opinion clearly shows that it was not intended to give the sanction of the court to a proceeding such as was had in this case.

By the petition in the original suit, the plaintiffs called the defendant into court to answer a charge of trespass upon their lands and eviction of them from the possession of it and asked the court for a judgment establishing the plaintiffs' title thereto and a restoration of the possession. The plaintiffs were bound to take notice of all pleadings and procedure in answer to the charges made in the original petition, but how can it be said that the plaintiffs were also required to take cognizance of an independent claim which might be asserted in that suit as a matter of convenience? A defendant, being served or having appeared, is required to take notice of all amendments to the petition relating to the original cause of action, but is not charged with notice of an amendment setting up a new cause of action. Morrison v. Walker, 22 Texas, 19. The principle applies with equal force in favor of the plaintiff as to the cross-bill which sets up new matter not embraced in defensive pleading.

The cross-bill, as an independent action, was as fully under the control of the defendant as was the original suit subject to the will of the plaintiffs, and it follows logically that the same means should have been used to call upon the defendants to the cross-bill to answer its charges as were required by law to compel the defendant in the original suit to appear and plead to that complaint. This rule prevails in all the courts where the procedure is not regulated by statute. 5 Enc. of Pl. and Prac., 658; 2 Dan. Chan. Prac., 975; Lowenstein v. Glidewell, 5 Dill., 325; Thomason v. Neeley, 50 Miss., 314; Ballance v. Underhill, 3 Scam. Rep., 462; Ward v. Davidson, 2 J. J. Marsh., 443; Gardner v. Beaty, 7 J. J. Marsh., 229; Hudspeth v. Thomason, 46 Ala., 470; Washington Railroad v. Bradleys, 10 Wall., 302.

Counsel for the defendant in error have cited no authority in support of the judgment of the court except the case of Browning v. Pumphrey, before cited, which, as we have shown, does not conflict with the views expressed by us, but in fact supports the conclusion, which is in opposition to the judgment of the court. We have carefully examined the authorities upon this question and find no case to the contrary of our conclusion, unless its determination was controlled by some statutory provision. The cases of Sharp v. Schmidt, 62 Texas, 263, and Coates v. Caldwell, 71 Texas, 19, establish an exception as to sureties upon bonds given to secure ordinary process. In Coates v. Caldwell it is said:

"The authorities from other States seem to hold that in the absence ·of an express provision, a statute authorizing judgment to be rendered against sureties on an injunction bond for the damages for wrongfully ·suing out the writ, the sureties must be cited or an independent action must be brought on the bond. Elder v. New Orleans, 31 La. Ann., 500; Henley v. Cliborne, 3 Lea, 213; Hayden v. Keith, 32 Minn., 277. But it is held by this court in Sharp v. Schmidt, 62 Texas, 263, that the defendant may recover his damages for the wrongful issue of the writ ·of injunction upon the proper pleadings and proof without serving citation upon the sureties. We think this practice was clearly contemplated by the laws existing at the time the Revised Statutes were adopted. Pasch. Dig., art. 3936. The commissioners who made the revision say in their report, in effect, that in preparing the title on injunction they had carefully preserved the substance of the former laws. 2 Sayles' Civ. Stats., 728. This title was adopted by the Legislature as reported by the commissioners. Under these circumstances, we feel ·constrained to adhere to the ruling in the case last cited, and to hold that a citation to the sureties was not necessary in this case." Those cases rest upon a construction of our statutes and are not in conflict with ·our conclusion in this case.

We conclude that it was error for the court to enter judgment upon the cross-bill in this case in favor of the defendant, Schlinke, without service upon or appearance by the plaintiffs, and that the Court of Civil Appeals erred in affirming that judgment. It is therefore ordered that the judgments of the District Court and of the Court of Civil Appeals be reversed and this cause be remanded.

*Reversed and remanded.*