## SCARBOROUGH v. BRADLEY. (No. I.)

(Court of Civil Appeals of Texas. Waco. Nov. 29, 1923.)

1. **Appearance** ⊜8(1)—Appearance by plaintiff's attorneys in answer to separate claim against attorneys in same suit held not an appearance by plaintiff.

In an action of trespass to try title, where defendant answered by disclaimer of part of the land and filed cross-action as to the rest and another cross-action against plaintiff's attorneys for slander of title, his citation on the attorneys and their plea of privilege to the second cross-action did not constitute an appearance for plaintiff and defendant's failure to cite plaintiff into court, and her nonappearance rendered the judgment against her ineffective, in view of Rev. St. arts. 1880–1882, requiring acceptance of service or appearance in person or by agent or by filing answer.

2. **Process** ⊜4—Cross-action held to require same means to compel defendant to appear and plead as original suit.

A cross-bill or cross-action is an independent suit requiring use of same means to compel defendant in it to appear and plead as is required to compel defendant to appear in the original suit.

3. **Process** ⊜4—Error to proceed to trial without citation upon plaintiff to answer to cross-action.

It is error to proceed to trial on a cross-action and award judgment against a plaintiff who has not been cited nor appeared in court in some manner recognized by law after it was filed.

4. **Process** ⊜58—Rule as to service on agent stated.

No statute authorizes service of citation upon an agent except where a corporation or joint-stock association is defendant, or where some person has specifically designated another upon whom citation may be served in his stead.

5. **Process** ⊜58 — Plaintiff's attorneys held not to represent plaintiff in main action by appearing to separate claim against themselves therein.

The fact that attorneys were agents for plaintiff in the main action did not make them her agents in entering an appearance for themselves in an independent cross-action against them, though filed with the main action, no matter how closely related, and a citation on them was not notice to her, in view of the statute providing for issuance, contents, and manner of service of citation.

⊜For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes

**6. Principal and agent** ⬅178(1)—**Knowledge of agent held imputed to principal only when engaged in principal's business.**

Though notice or knowledge acquired by an agent will be imputed to his principal, such agent must acquire such knowledge or notice while engaged in the transaction of the principal's business and not in the agent's private business.

**7. Process** ⬅4—**Plaintiff not required to notice pleadings filed to assert independent claim of defendants in same action.**

While a plaintiff is bound to take notice of all pleadings filed in answer to his suit, he need not notice those filed in matter of an independent claim asserted therein by defendant as a matter of convenience.

**8. Dismissal and nonsuit** ⬅60(9)—**Plaintiff's nonappearance only justified dismissal without prejudice.**

The only judgment that could be rendered against a plaintiff entering no appearance was dismissal without prejudice for want of prosecution.

**9. Judgment** ⬅17(1)—**In cross-action against plaintiff improper, where she was not served, and failed to appear.**

Where plaintiff made no appearance and defendant failed to serve a citation upon her to answer to his cross-action, no judgment could be rendered on the cross-action, but it should have been continued for service if defendant requested it.

Error from District Court, Limestone County; A. M. Blackmon, Judge.

Action by Mrs. Fannie Scarborough against C. S. Bradley. Judgment for defendant, and plaintiff brings error. Reversed and remanded.

Emmett Thurmon, of Dallas, for plaintiff in error.

C. S. & J. E. Bradley, of Groesbeck, for defendant in error.

SPIVEY, J. This is a suit of trespass to try title, brought by plaintiff in error against defendant in error, in which the latter filed an answer containing, among other matters, a disclaimer as to a portion of the land and a cross-action against plaintiff in error as to the remainder, and also a cross-action against J. H. Synnott and A. J. Roberts, the attorneys whose names were signed to the plaintiff's petition. The allegations in the latter cross-action were to the effect that in the filing of the suit they intended to slander and did slander the title of defendant in error and wrongfully filed the suit against him for the purpose of preventing him from making oil leases upon the land, and accordingly prayed judgment against said attorneys in the sum of $20,000 by way of damages.

For the sake of brevity, plaintiff in error will be designated as plaintiff, and defendant in error as defendant herein.

As soon as citation was served upon defendant in plaintiff's suit, he answered as above, and included in his answer the above-mentioned cross-action against plaintiff's attorneys, and caused citation to be served upon them in the city of Dallas, where they were alleged to reside, the citation being in the usual form for an out-county defendant, and recited that a certified copy of defendant's answer, which included said cross-action against them, accompanied the citation, and the citation required said attorneys to appear at the next term of court and answer said cross-action against them.

Prior to the convening of the ensuing term of court, said attorneys filed their plea of privilege to be sued in Dallas county. This plea was in the usual form and was filed on March 4, 1922, and the term of court convened on March 6th thereafter. Their plea, after stating the style of the suit, recites:

"Now come J. H. Synnott and A. J. Roberts, partners, doing business under the firm name and style of Synnott & Roberts, cross-defendants in the above entitled and numbered cause, made cross-defendants by a cross-action contained in the original answer of the defendant C. S. Bradley, individually and as such partners, and say."

The plea then states their residence, and that none of the exceptions in the venue statute apply, etc., and concludes:

"Wherefore, defendants pray the court that the above suit be transferred to the district court of Dallas county, Texas, and for such other orders herein that may be proper and necessary. [Signed] J. H. Synnott, A. J. Roberts, partners, doing business as Synnott & Roberts and also individually."

The record does not show whether they filed the above plea in person or forwarded it by mail.

On March 6th, the day on which court convened, the defendant filed an amended answer which, in so far as the plaintiff is concerned, was substantially the same as his original answer, except that in the amended answer he pleaded the statute of limitation of three years, and in said amended answer omitted all allegations and reference to the above-named attorneys and his cross-action against them.

The case was set for trial March 9th, and on that day, after a hearing, the court instructed the jury to find for defendant upon the ground that there was no evidence to support a recovery by the plaintiff. The entire record appears to have been sent up, and there is no citation or service upon plaintiff, nor any waiver by her, nor any appearance, nor any act disclosed by the record which can be construed into a waiver or appearance, unless, as is contended by de-

⬅For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes

fendant, the service of the original answer upon Synnott & Roberts in the manner above shown, and their action thereafter in filing their plea of privilege, constituted such notice to the plaintiff and appearance by her as dispensed with further service, and authorized judgment against her on defendant's cross-action.

The judgment was substantially as follows: That the cause "came on to be heard on the regular call of the docket, and thereupon defendant C. S. Bradley appeared and announced that he would dismiss his cross-action, against the cross-defendants J. H. Synnott and J. A. Roberts, which was accordingly done," and they were dismissed with their costs, "and thereupon said cause came on for trial between the plaintiff and defendant C. S. Bradley, and it appearing to the court that said cause has been regularly and duly set for trial for this date, and the plaintiff having failed to appear, nevertheless the defendant C. S. Bradley appeared and announced ready for trial." Then recites the hearing of the case before a jury and their verdict, and continues: "And it appearing from the evidence that defendant C. S. Bradley is the legal and equitable owner of the land described in his answer, and that he has paid all of the consideration mentioned in the deed from Fannie Scarborough and husband to Lewis M. Seay [who was grantee of plaintiff and grantor of defendant] * * * and that he has been in possession of and claiming said land under color of title for more than three years before the institution of this suit, holding the same under all of the conditions necessary to perfect title in him, wherefore said defendant ought to recover said land of the plaintiff, and the consideration mentioned in said deed ought to be canceled. It is therefore * * * ordered * * * that the defendant * * * do have and recover of and from plaintiff * * *" the land described in said cross-action, "and that all of the right, title, and interest and claim of the plaintiff * * * in and to said tract of land be and the same is hereby divested out of the plaintiff * * * and the same is vested in the defendant * * * and that the consideration mentioned in said deed from Fannie Scarborough and husband to Lewis M. Seay, recorded [in a certain volume and page] and the implied lien heretofore existing as shown by said deed, be and the same is hereby canceled and annulled, and that all right, title and claim of the plaintiff * * *. in * * * said land be and the same is hereby removed as a cloud from the title of the defendant * * * to said land, and that defendant * * * be quieted in his title to said land," and costs are adjudged against the plaintiff.

The question has occurred to us that the defendant's pleading does not state a cause of action, or cross-action, against the plaintiff, but rather might be construed as a defensive plea only, and might be subject to the criticism that it does not advise plaintiff that a cross-action is being asserted against her. Ellis v. Singletary, 45 Tex. 27; Jones v. Wagner (Tex. Civ. App.) 141 S. W. 280; Short v. Hepburn, 89 Tex. 622, 35 S. W. 1056; Wood v. Montgomery (Tex. Civ. App.) 136 S. W. 1150; Hoodless v. Winter, 80 Tex. 638, 16 S. W. 427; Free v. Burgess, 104 Tex. 31, 133 S. W. 421.

It is not necessary, however, for us to pass upon this question, in view of the disposition which we think must necessarily be made of the appeal, and in view of the fact that both plaintiff and defendant here treat said pleading as a cross-action against plaintiff, and because of the further fact that, if there were no cross-action stated, then the judgment would necessarily have to be reversed for this reason as well. Hence, we will assume, for the purposes of this appeal, that defendant's pleading against plaintiff contained a cross-action against her.

[1] Plaintiff contends that no judgment should have been rendered upon the cross-action against her, in that there was no service of it upon her, nor any appearance by her either in person or by attorneys, and that no judgment should have been rendered against her on her cause of action against the defendant; while defendant contends that, as Synnott & Roberts were plaintiff's attorneys, notice to them, as given by such citation directed to and served upon them with copy of the pleading, and thereafter the filing of their plea of privilege upon the cross-action against themselves, constituted an appearance by the plaintiff in the cross-action against her, and waiver of service thereof.

[2, 3] A cross-bill or cross-action is an independent suit, and the same means should be used to call upon the defendant in it to answer its charges as is required by law to compel the defendant in the original suit to appear and plead to that complaint, and it is error to proceed to trial on the cross-action and award judgment against a plaintiff who has not been cited thereon nor appeared in court in some maner recognized by law after it was filed. Harris v. Schlinke, 95 Tex. 88, 65 S. W. 172; Kruegel v. Bolanz, 100 Tex. 572, 102 S. W. 110.

[4] The lawmakers, as well as the courts, have been zealous to guard the rights of a defendant in the matter of seeing that he has been properly brought before a court which is asked to adjudicate interests affecting him. The statute provides for the issuance of citation and what it shall contain, and how and upon whom service thereof shall be had, and we know of no statute authorizing service upon an agent, except where a corporation or joint-stock associa-

tion is defendant or where some person has specifically · designated another upon whom citation may be served in his stead.

The statute also provides for acceptance of service by a defendant or his agent or attorney, duly authorized · thereto, and for entering of his appearance in' open court, either in person or by duly authorized agent, and. for appearance by filing answer (R. S. arts. 1880 to 1882), and it has been held that the filing of. any character of pleading constitutes an answer and appearance as to any issue then involved in the suit. The authorities supporting the above are too numerous to mention; they relate to an answer proper, plea to jurisdiction, plea of privilege, dilatory pleas, motion for continuance, motion to quash citation or service, and the like; also that an appearance in open court in seeking continuance or postponement or resetting, although oral, has the same effect.

[5] But was the filing by Synnott & Roberts of their personal or individual plea of privilege, under the circumstances disclosed by this record, whether filed in person or forwarded by mail, an appearance by the plaintiff in the cross-action filed by the defendant against her, or intended as an appearance by her, or as an appearance by them for her as her attorneys?

In the answer filed by defendant there were two distinct cross-actions, involving separate and distinct causes of action, one against plaintiff and the other against Synnott & Roberts. The citation issued, directing the officer to summon Synott & Roberts to answer the cross-action filed against them, and certified copy of the answer was attached; but no citation was issued to the plaintiff upon the cross-action filed against her.

It is assumed that Synnott & Roberts were her attorneys at the time service was had on them as aforesaid and at the time they. filed their plea of privilege, but this did not deprive them of the right of acting in their own defense in the cause of action filed against them in their client's suit, which defense they were required to make or suffer the consequences; nor do we think they were in any sense then acting in their capacity as agents or attorneys of plaintiff.

[6] It is not in an absolute sense that notice or knowledge acquired by an agent will be imputed to his principal, but such agent must have acquired such knowledge or notice while engaged in the transaction of the principal's business and not in the private business of the agent. Harrington v. McFarland, 1 Tex. Civ. App. 289, 21 S. W. 116; Kauffman v. Robey, 60 Tex. 308, 48 Am. Rep. 264; Allen v. Garrison, 92 Tex. 548, 50 S. W. 335; Taylor v. Callaway, 7 Tex. Civ. App. 461, 27 S. W. 934.

It may be that the above-named attorneys were agents of plaintiff with respect to the suit of herself against defendant in the sense that their acts within the scope of their employment would be binding upon her; but it would not necessarily follow therefrom that they were authorized to appear for her or waive service upon her in another suit, no matter how closely related to the one in which they had been employed. The' knowledge or notice of the cross-action of defendant against the plaintiff, acquired by the lat ter's attorneys by reason of delivery to them of the citation in a suit against themselves, together with copy of the cross-action of defendant against plaintiff, may have been knowledge or notice acquired by them while engaged in the work of their principal, in that they may have been still her attorneys in the suit filed by them for her; but, even if so, the law does not require nor recognize that such notice shall be tantamount to or shall take the place of service of the process required by law in such cases. Harrell v. Mexico Cattle Co., 73 Tex. 612, 11 S. W. 863; McGowan v. Lowry (Tex. Civ. App.) 230 S. W. 465.

[7] Again, while a plaintiff is bound to take notice of all pleadings filed by a defendant in answer to his suit, he is not so required as to an independent claim asserted therein by such defendant as a matter of convenience. Harris v. Schlinke, supra.

The plea of privilege filed by the attorneys of plaintiff as to the cross-action against themselves clearly shows that they were acting for themselves therein and not for the plaintiff, and were acting in the matter under compulsion, so to speak, and we think it should not be construed or considered as an appearance by the plaintiff in the cross-action filed against her by defendant.

[8, 9] The plaintiff not having appeared after the filing' of the suit, it was error for the trial court to have rendered judgment against her. The only judgment against her which could have been properly rendered was one dismissing her suit at her cost for want of prosecution and without prejudice. Harris v. Schlinke, supra; Robinson v. Collier, 53 Tex. Civ. App. 285, 115 S. W. 915; Burger v. Young, 78 Tex. 656, 15 S. W. 107; Parr v. Chittim (Tex. Com. App.) 231 S. W. 1079. And there being no service upon plaintiff, nor any appearance or waiver by her as to the cross-action, no judgment should have been rendered thereon, but it should have been continued for service if the defendant so requested.

The judgment against the plaintiff in her suit and the judgment. in favor of defendant against plaintiff upon the cross-action are reversed and the causes remanded.