Lamar PALMER, Appellant,

v.

L. J. HONEA et al., Appellees.

No. 3619.

Court of Civil Appeals of Texas.

Waco.

May 21, 1959.

left surviving him a daughter, Mary Edna Brown, wife of C. W. Brown, and that C. W. Brown was the administrator of the estate of H. E. Shaw, and that such administration had been closed, and he asked that the said Mary Edna Brown, the sole owner of the property, and her husband, C. W. Brown, be made parties defendant to this action in order that the rights of all the parties could be adjudicated in this one suit. C. W. Brown, individually, and as administrator of the estate of H. E. Shaw, joined by his wife, Mary Edna Brown, filed their original answer and cross-action on October 2, 1958. Pertinent to this discussion the Browns averred that defendant, Honea, had paid the rents due and owing on the residence to them as the rents accrued to be applied as a credit on a note for $6,000, which they alleged was executed and delivered by plaintiff to H. E. Shaw, deceased, and that said note was secured by a bona fide deed of trust lien on the residence and lots on which the residence was located, and they asked that after allowing all credits that they be allowed to recover judgment for the remainder due and owing on the note, plus interest and attorney's fees, and that they have foreclosure of their lien. The Transcript shows that their original answer and cross-action was filed on the 2nd day of October, 1958, which was Thursday, and it appears that this cause was set for trial on the following Monday, October 6th. The Browns, in their original answer and cross-action, did not ask that plaintiff be cited. Citation was not issued on the cross-action, and no service was had on plaintiff. As we understand the record the first information that plaintiff had of the filing of the cross-action was the letter from the Browns' attorney enclosing a copy of the pleading which reached plaintiff's office on Tuesday the 7th of October, 1958. It appears that plaintiff became ill sometime after he filed his original petition in this cause, the exact time of his illness not being given, and with this illness he had a heart condition, and it appears that

Lamar Palmer, Houston, for appellant.

Mac L. Bennett, Jr., Normangee, Geo. M. Seale, Centerville, Milton M. Brownlee, Madisonville, for appellees.

TIREY, Justice.

Plaintiff sued defendant, Honea, for rents which he alleged to be due on a house he owned in Normangee, Texas. Honea seasonably answered and he alleged a factual situation whereby he claimed payment to a third party, and further alleged that the payment to the third party was by the consent of the plaintiff, and he further alleged the third party to be H. E. Shaw, and that H. E. Shaw had died and

he was suffering from some illness prior to the time the case was set for trial and for a few days thereafter, and that he was not physically able to be present on Monday, October 6th, the date this cause was set for trial. Plaintiff did appear before this Court and made oral argument on the 30th day of April, 1959, and he did not have the appearance of being well, and complained of weakness at the time he made oral argument. It appears from the record that plaintiff called the Honorable R. W. Williford in whose court this suit was pending on Sunday night, October 5th, and advised Judge Williford of his condition. As above stated, plaintiff did not appear in Court on Monday, October 6th, and filed no reply to defendant, Honea's pleading, nor to the Motion to Quash the Writ of Garnishment, nor to the original answer and cross-action filed by the Browns. In appellees, Browns' brief we find this statement: "On August 11, 1958, the case was specially set for trial on the merits for October 6, 1958 and notice given appellant.

"Thereafter on Sunday evening October 5, 1958 at 8 or 9 P.M., Appellant called the trial Judge and told him he was unable to try the case. The Court told him the case would be continued only if a doctor's certificate was sent.

"Thereafter, and after the trial, a doctor's certificate was received by the trial judge, dated October 6, 1958, mailed by letter to the District Clerk at Centerville dated October 6, 1958.

"On October 6, judgment was rendered in favor of these appellees. Thereafter under date of November 21, 1958, a corrected judgment was entered, which did not affect the judgment of these Appellees and on the 22nd day of November, 1958, an order overruling the motion for new trial was entered, said motion for new trial having been filed October 20, 1958."

The Transcript shows the following correspondence: A letter of date October 9, 1958, written by the Honorable R. W. Williford to plaintiff, and we quote the letter in full:

"October 9, 1958

"On Monday, October 6, 1958, the above matter was heard in my Court. Mr. Bennett was there and Mr. Brownlee was there. Nothing had been received from you; however, I do not like for a continuance to be applied for at the last minute unless it is an emergency, and the condition you wrote about, you knew long before October 6.

"When judgment is entered in this case, you will be notified and sent a copy of said judgment. You will have ten days from said date in which to file a motion for new trial and you may amend said motion within the twenty day period. If you will file said motion and amended motion, I will set the matter down for hearing and then you on the merits of your motion for continuance and motion for new trial. The ten days will date from the time I enter the judgment, and I have not received same yet for entry.

"Very truly yours,
"(signed)    R. W. Williford."

On October 6, 1958, Lamar Palmer, plaintiff, wrote the following letter to the Leon County District Clerk. We quote this letter in full:

"Houston, Texas
October 6, 1958

"Leon County District Clerk
"Centerville, Texas

"Dear Sir:

"Please find enclosed certificate issued by Arthur E. Moers, M.D. of Houston, Harris County, Texas, in regard to my condition in trying the Lamar Palmer-vs-Honea et al case

No. 887–B 87th District Court under Judge R. W. Williford.

> "Very truly yours,
> "(signed)    Lamar Palmer."

The certificate he enclosed from Dr. Moers is in the Transcript, and we quote it:

> "October 6, 1958

> "To Whom It May Concern:

> "This is to certify that Mr. Lamar Palmer, Attorney, has been under my care for treatment of bronchopneumonia since October 1, 1958. Mr. Palmer is recovering from a recent heart attack and it is my opinion that he should not try any court cases for at least a period of two months from this date.
>
> "Sincerely,
> "(signed)    Arthur E. Moers, M.D."

As we understand the record, the cause was tried on October 6, 1958, and the Court took this cause under advisement and thereafter, on the 15th day of October, 1958, entered judgment wherein he quashed the Writ of Garnishment which plaintiff caused to be issued and served on the First National Bank of Normangee, and fixed a fee for the bank's attorney in the sum of $200. This decree also found that the plaintiff, Lamar Palmer, is not entitled to recover any sum against defendant, L. J. Honea, and that said Honea is entitled to be discharged with his costs, and decreed accordingly. The Court further found that the impleaded defendants, Browns, are the owners of a note in the principal sum of $6,000 executed and delivered by the plaintiff to H. E. Shaw, and that such note, after allowing the credits due thereon, amounted to the sum of $6,720.61, which included interest after deducting credits, and that this note was secured by a deed of trust lien on lots 7 and 8 in block 25 of the City of Normangee in Leon County, Texas, and that the Browns were entitled to a foreclosure of such deed of trust lien, and the Court decreed accordingly. Thereafter, on November 21, 1958, the Court entered what he designated as a corrected judgment, and pertinent to this discussion the only change that we find in this judgment and pertinent here is that the Court held that the suit filed by Lamar Palmer against Honea should be dismissed from the docket of the Court and decreed accordingly.

Thereafter, on the 20th day of October, 1958, Lamar Palmer filed what he designated as his Motion for a new trial. We quote the pertinent parts of this Motion:

> "That the case was set for trial by attorney for defendant after having knowledge of the fact that Plaintiff and attorney for Plaintiff, Lamar Palmer, suffered a heart attack recently and that more than likely would be unable to try the case upon the date set and was set with the intention of trying to obtain a dismissal in said cause of action. Plaintiff had discussed this case and had informed attorney for Defendant that the Doctor advised him that it would be the latter part of the year before he could try any contested cases before he set this case.

> "Plaintiff further would show the Court that attorney for intervenor C. W. Brown and wife, Mary Edna Brown, did not give Lamar Palmer sufficient time of notice of filing the Plea of Intervention in the above cause and that the same was mailed from their attorney's office in Madisonville, Texas, by Mr. Milton Brownlee at 3:00 P.M., October 3, 1958, same being a Friday whereby the said letter by regular post arrived in my office in the noon mail Monday, October 6, 1958, and even though Plaintiff had been able to go to trial he would have to plead surprise by this late delivery of the copy of the Plea of Intervention to me. That the same is a violation of the rules and that I was not given a

10 day notice before the time set for the hearing of the merits of the case.

"This also looks to me to be another premeditated design by both attorneys. That the same is not legal and was designed to reach my office on said date knowing that I would be unable to try the case and thereby is a fraud upon the Court as well as upon this attorney.

"Wherefore, Plaintiff prays that the verdict and judgment herein be set aside; that he be awarded a new trial in the above styled and numbered cause."

The Court overruled this Motion by written Order duly entered on the 22nd day of November, 1958, and Lamar Palmer excepted to the Order Overruling his Motion and perfected his appeal to this Court.

Appellant assails the judgment on what he designates as Points 1 to 11, inclusive.

Point 3 is: "The trial court erred in allowing the respective parties to proceed to trial after being informed by Plaintiff and his doctor on Sunday before Monday next that it would probably be fatal to Plaintiff to proceed to trial."

5. "The trial court erred in refusing to allow Plaintiff sufficient time to file answer to Plea of Intervention and Cross Action of third parties."

10. "It would be error for the court to grant Appellee's Motion to dismiss Appellants case."

We think the major question presented to us under this record is: Did the Trial Court have a right under this factual situation, which we believe is without dispute, to dismiss the plaintiff's cause of action and at the same time enter a judgment in behalf of the Browns on their cross-action? We think the answer is No in each instance. In Harris v. Schlinke, 95 Tex. 88, 65 S.W. 172, 173, (opinion dated November 25, 1901) our Supreme Court, speaking through Justice Brown, made this statement: "The only question presented in this case is, did the court have jurisdiction of the plaintiffs in this suit to render judgment against them upon the cross bill filed by the defendant, Schlinke, there being no service upon the plaintiffs, they not having appeared in the case after the cross bill was filed? It is well settled in this state that a plea in reconvention or cross bill occupies the same attitude as an independent suit, so that the discontinuance of the main suit will not affect the reconvention or cross bill." Our Supreme Court held that it was error for the Trial Court to enter judgment upon the cross bill in favor of Schlinke because the plaintiff was not served with citation of the cross bill, and because the plaintiff had not made an appearance in the case after the cross bill was filed. (that is the exact situation in the cause before us).

In Early v. Cornelius, 120 Tex. 335, 39 S.W.2d 6, 8, the Commission of Appeals, (opinion dated May 16, 1931) speaking through Judge Ryan, opinion adopted by the Supreme Court, made this statement of the Rule: "As to plaintiffs, the rule is stated in Harris v. Schlinke, 95 Tex. 88, 65 S.W. 172, to be that a plaintiff by the filing of his suit does not so invoke the jurisdiction of the court to litigate the subject-matter of a cross-action as to dispense with the necessity of service, acceptance, or waiver of process or of a further appearance after the filing of the cross-action."

We have been unable to find where our Supreme Court has changed the rule made in Harris v. Schlinke aforesaid. See also Vol. 18 Tex.Law Review, Art. beginning on page 347. See also Vol. 38 Tex.Jur.P. Setoff and Counterclaim, Sec. No. 75, p. 116.

Needless to say, if the Trial Court did not acquire jurisdiction of Lamar Palmer on the cross-action, it did not have jurisdiction to enter the judgment it did against him.

It is our view that the judgment entered by the trial court on defendants Browns' original answer and cross-action against the plaintiff shows on its face that plaintiff had not been cited on the cross-action filed by the Browns, and that the Court, by reason thereof, did not have jurisdiction of the plaintiff to enter judgment on such cross-action against plaintiff, and by reason thereof this record presents fundamental error. Our Supreme Court in Lane v. Fair Stores, 150 Tex. 566, 243 S.W.2d 683, 685, made this statement of the rule as to fundamental error: "If it requires an examination of the statement of facts to reveal error, then it is not fundamental error. Insurors Indemnity & Insurance Co. v. Associated Indemnity Corporation, 139 Tex. 286, 162 S.W.2d 666, and cases there cited."

In Krottinger v. Marchand, Tex.Civ. App., 252 S.W.2d 217, 218, (N.W.H.), the Court, in disposing of fundamental error held: * * * that "before a court may reverse a case based upon fundamental error, it must make its finding solely from examination of pleadings, judgment and other records of the case, without the assistance of the statement of facts. White v. Glengarry Oil Co., 137 Tex. 626, 156 S.W.2d 523. (Tex.Com.App., opinion adopted), and 3–B Tex.Jur., 34, sec. 683."

It is our view that an examination of the pleadings and the judgment and the undisputed record shown by the transcript, without reference in any manner to the statement of facts, shows conclusively that the trial court did not have jurisdiction of the plaintiff on the Browns' cross-action. The leading case by our Supreme Court on fundamental error is found in Ramsey v. Dunlop, 146 Tex. 196, 205 S.W.2d 979, 982. This well considered opinion by Justice Brewster fully states the rule in Texas. The majority opinion, after comprehensively reviewing the history of fundamental error, summarized as follows: "After our appellate courts thus for 89 years continued to pass on errors unassigned but apparent of record, in the face of a statute which declared that all errors not distinctly specified by assignment in the trial court should be considered as waived, must we now hold that our courts of civil appeals have no authority to consider such errors because Art. 1837 has again been repealed by the substantial reenactment of Art. 1844 in the form of Rule 374, T.R.C.P.? As to errors that are truly fundamental, we think the answer must be No."

We think that under the cases here cited and under the record here made that the trial court was without authority to render judgment against the plaintiff, Palmer, on the cross-action, and that this will require the cause to be reversed and remanded as to the cross-action of the Browns.

We are of the further view that plaintiff was not entitled to have the writ of garnishment issued and levied on the First National Bank of Normangee, and that the Court's judgment in quashing the garnishment must be sustained, and that the attorney fees allowed for the attorney for the bank must be sustained, and all costs with reference to the garnishment proceeding be taxed against the plaintiff. We are of the further view that under the record here before us that the Court was not authorized to dismiss the plaintiff's cause of action and that his action in so doing will require this cause to be reversed and remanded, and the plaintiff's alleged cause of action is reinstated for trial on the merits.

Appellant's points three, five and ten, insofar as they point up fundamental error apparent on the face of the record are sustained; otherwise, such points, and each of the other points are overruled.

On retrial the parties will be allowed to prepare and file such amended pleadings as they deem pertinent to the issues. See Buchanan v. Jean, 141 Tex. 401, 172 S.W. 2d 688, Supreme. Court, Point 4.

Accordingly, the judgment of the court in quashing the writ of garnishment is sus-

tained. The action of the court in dismissing plaintiff's cause of action is reversed and the court is directed to reinstate plaintiff's cause of action on the docket. The decree in disposing of Browns' cross-action is reversed and remanded.

All costs of appeal are taxed equally against defendant, Honea, and defendants, Browns.