**CONTINENTAL SAVINGS ASSOCIATION, Appellant,**

v.

**Jerome Michael GUTHEINZ, Appellee.**

No. 07–85–0173–CV.

Court of Appeals of Texas, Amarillo.

Aug. 28, 1986.

Rehearing Denied Sept. 18, 1986.

Bernard Wm. Fischman, Lackshin & Nathan, Houston, for appellant.

Robert W. St. Clair, Walters & Associates, Lubbock, for appellee.

Before REYNOLDS, C.J., and DODSON and COUNTISS, JJ.

REYNOLDS, Chief Justice.

Following the overruling of its motion for new trial, Continental Savings Association brought this appeal from a default judgment decreeing its monetary liability to Jerome Michael Gutheinz pursuant to a corporate bylaw for indemnification or reimbursement. Presenting ten points of error, three of which were drafted post-submission, Continental seeks a reversal and remand; however, on the rationale to be expressed, the judgment will be affirmed.

In 1975, Gutheinz became the executive vice-president and chief executive officer of Hale County Savings Association, and thereafter was elected a member of its board of directors. In January of 1976, the savings association changed its name to Frontier Savings Association and amended its corporate bylaws, adding paragraph 17 in this language:

Any person shall be indemnified or reimbursed by the association for reasonable expenses, including, but not limited to, attorneys [*sic*] fees actually incurred by him or recovered against him in connection with any action, suit, or proceeding, insituted [*sic*] or threatened, judicial or administrative, civil or criminal to which such person is made a party solely by reason of his being or having been a director, officer or employee of this association; provided, he is not adjudicated in such action, suit or proceedings to have been guilty of a breach of good faith, to have been negligent in the performance of his duties, or to have committed an act or failed to perform a duty for which there is a common law or statutory liability. In the event any litigation concerning the liability of the association or its directors-officers shall be adverse, then such proceedings shall be appealed to the appropriate appellate courts of the State of Texas, or in the event of a compromise settlement that such settlement be subject to the approval of the Savings and Loan Commissioner. Furthermore, such person may be so indemnified or reimbursed for (1) amounts paid in compromise or settlement of any action, suit or proceedings, including reasonable expenses incurred in connection therewith, or (2) reasonable expenses including fines and penalties incurred in connection with a criminal or civil action, suit or proceeding in which such person has been adjudicated guilty, negligent or liable, if it shall be determined by the Board of Directors of the association and the Savings and Loan Commissioner of Texas that such person was acting in good faith and in what he believed to be the best interests of the association and without knowledge that the action was illegal, and the Board of Directors of the association and the Savings and Loan Commissioner of Texas have approved such compromise or settlement, however, amounts paid to the association, whether pursuant to judgment or settlement shall not be indemnified or reimbursed in any case.

Gutheinz resigned his positions in June of 1979, but his directorship continued until December of that year. Two years later in December of 1981, Frontier was merged with and into Continental.

Thereafter in February of 1982, Gutheinz was individually joined as one of the defendants in a counterclaim filed by Marlin C. Harris, a former director of Frontier, and Martha Ellen Harris in a suit pending in Hale County, which had been filed by Frontier against the Harrises. By their counterclaim, the Harrises, alleging that by merger Frontier is presently known as Continental Savings Association, sought to hold Gutheinz monetarily liable for actions he took or failed to take as an officer and director of Frontier.

By letter dated 19 June 1984, Gutheinz notified Continental of his intent to seek "full reimbursement for reasonable and necessary expenses" when the claim filed against him was "finally disposed of." On the following October 23, the counterclaim asserted by the Harrises against Gutheinz and some others was severed from the main suit, and a final take-nothing summary judgment was rendered in the severed action, thereby absolving Gutheinz from the liability asserted against him.

In January of 1985, Gutheinz presented his claim for indemnity to Continental, demanding payment of a specific sum. The claim not being honored, Gutheinz filed the action underlying this appeal in Hale County, alleging the performance of his agreement with Frontier and Continental's violation of paragraph 17 of the bylaws by wrongfully failing and refusing to indemnify and reimburse him for the actual and reasonable expenses he incurred in defending against the counterclaim of the Harrises. By his live trial pleadings, Gutheinz contended, among other things, that he incurred $17,432.04 for legal fees and expenses and not less that $2,000 for personal time and expenses, and that he was entitled to not less than $2,000 as compensation for attorney's fees in bringing this action.

Continental failed to timely answer Gutheinz' petition and, as found by the trial court, wholly made default. On 19 March 1985, the court, hearing evidence, rendered judgment decreeing Continental's liability to Gutheinz in the sum of $24,801.04, plus interest of $944.50, and reasonable attorney's fees of $1,517.42, for a total of $27,-262.96, together with interest and costs.

Continental timely filed a motion to vacate judgment by default and for new trial concurrently with its motion to transfer venue. After considering the new trial motion, the evidence, and argument of counsel, the court overruled the motion for new trial with a signed order supported by denominated findings of fact and conclusions of law.

As material to the appeal and corresponding to the numbered findings and conclusions, the court found that: (7) no excuse was shown for Continental's failure to timely appear and answer; (11) substantial delay would result to Gutheinz if a new trial were granted; (12) Continental failed to allege facts establishing a meritorious defense; and (15) granting a new trial would delay the trial of the case and work an injury to Gutheinz. The court specifically did not find that: (9) Continental's failure to file an answer was not intentional or was the result of conscious indifference, or (10) was the result of accident or mistake on the part of Continental's counsel; and (13) Continental's motion for new trial and affidavit set up a prima facie meritorious defense.

On submission, Continental raised an unbriefed question of fundamental error, submitting that the trial court lacked jurisdiction to, as it did, entertain the evidence and render a default judgment in Castro County, which is outside the territorial limits of Hale County where the suit was filed. Since the rendition of a judgment by a court which had no jurisdiction of the subject matter is regarded as fundamental error noticeable on appeal, *McCauley v. Consolidated Underwriters*, 157 Tex. 475, 304 S.W.2d 265, 266 (1957), the parties were granted leave to brief the question. Now, the question of jurisdiction is presented by Continental's post-submission points of error eight, nine, and ten, and Gutheinz' two responses.

Continental's challenge to the trial court's jurisdiction stems from the recitation in the statement of facts, which contains the transcription of the evidence adduced and the rendition of default judgment, that the "cause came on to be heard ... in the [242nd District Court of Hale County, Texas] sitting in Dimmitt, Castro County, Texas, before the Hon. Marvin F. Marshall, Judge presiding." This recitation, Continental represents, shows the court lacked jurisdiction because a default judgment case is required by both the constitution and statute to be tried at the county seat of the county in which the case is filed.[1] *See* Tex. Const. art. V, § 7; Tex. Rev.Civ.Stat.Ann. art. 1919, § 2 (1925), *repealed by* Act of June 13, 1985, ch. 480, § 26, 1985 Tex.Sess.Law Serv. 3363, 4086 (Vernon), and now recodified, effective 1 September 1985, in Tex.Gov't Code Ann. § 24.017 (Vernon Pamp.1986). In this cause, however, the constitutional and then existing statutory provisions are not equal to the task assigned them by Continental.

The constitutional provision is that "[t]he Court shall conduct its proceedings at the county seat of the county in which the case is pending, *except as otherwise provided by law*." [Emphasis added.] Tex. Const. art. V, § 7. Then, as authorized to do so,

---

1. One response by Gutheinz is that Continental's claim of fundamental error should be found without merit because it is based on a recitation in the statement of facts which, in his view of *Ramsey v. Dunlop*, 146 Tex. 196, 205 S.W.2d 979, 983–84 (1947), *Texas & P. Ry. Co. v. Lilly*, 118 Tex. 644, 23 S.W.2d 697, 699 (1930), and *Palmer v. Honea*, 324 S.W.2d 929, 934 (Tex.Civ. App.—Waco 1959, no writ), cannot be referred to in any manner to determine the existence of fundamental error that must appear on the face of the record, *i.e.*, the petition, the citation, the verdict, if any, and the judgment. Nevertheless, addressing the validity of the response is unnecessary because of the decision reached on the merits of Continental's claim of fundamental error.

the Legislature otherwise provided for the disposition elsewhere of certain causes by enacting section 2 of article 1919, the statute relied on by Continental and in force at the time judgment was rendered, in this language:

In all judicial districts in Texas containing more than one (1) county, the district court may hear and determine all preliminary and interlocutory matters in which a jury may not be demanded, and unless there is objection from some party to the suit, hear and determine any noncontested or agreed cases except divorce cases and contests of elections, pending in his district, and may sign all necessary orders and judgments therein in any county in his judicial district, and may sign any order or decree in any case pending for trial or on trial before him in any county in his district at such place as may be convenient to him, and forward such order or decree to the clerk for filing and entry. Any district judge assigned to preside in a court of another judicial district, or who may be presiding in exchange or at the request of the regular Judge of said court may in like manner hear, determine and enter any such orders, judgments and decrees in any such case which is pending for trial or has been tried before such visiting judge; provided that all divorce cases, all default judgments, and all cases in which any of the parties have been cited by publication shall be tried in the county in which filed.

Tex.Rev.Civ.Stat.Ann. art. 1919, § 2 (Vernon 1964).

■ In doing so, Continental submits, the Legislature provided, consistent with the constitution, that "all default judgments ... shall be tried in the county in which filed," and, therefore, the trial court lacked jurisdiction to hear evidence and render the default judgment in Castro County since this case was filed in Hale County. But, contrary to Continental's submission, it is at once clear that the quoted statutory explication of the general constitutional provision is limited to the second-sentence situations where a district judge is assigned to preside in a court of another judicial district or where a district judge presides in exchange with or at the request of the regular judge of the court. *Ex parte Lowery*, 518 S.W.2d 897, 900 (Tex.Civ.App.—Beaumont 1975, no writ). Neither of these situations existed when these default proceedings were heard and determined.

Instead, these default proceedings were authorized by the first-sentence provision that "[i]n all judicial districts in Texas containing more than one (1) county, the district court may ... unless there is objection from some party to the suit, hear and determine any noncontested or agreed cases except divorce cases and contests of elections, pending in his district, and may sign all necessary ... judgments therein in any county in his judicial district...." This obtains for these reasons: The 242nd Judicial District is composed of the counties of Hale, where the suit was filed, Swisher, and Castro, where the case was heard and determined. Tex.Rev.Civ.Stat.Ann. art. 199a, § 3.067 (Vernon Supp.1986). This Court judicially knows that the Honorable Marvin F. Marshall is the duly elected, qualified, and presiding judge of the 242nd Judicial District. And, of course, having defaulted, Continental not only made no objections to the hearing and determination of the Hale County case in Castro County, but admitted Gutheinz' allegations of fact setting out his cause of action, except for the amount of damages to be determined from the evidence by the court in the absence of Continental's demand for a jury trial thereon. *Morgan v. Compugraphic Corp.*, 675 S.W.2d 729, 731 (Tex.1984). Since Continental did not in any manner contest Gutheinz' cause of action, the case was a noncontested one embraced by the first-sentence provision of the statute. This particularly prevails because this provision significantly does not include default judgments in the cases excepted from the district court's jurisdiction of those cases to be heard and determined by the regular district judge in any county within his multicounty judicial district.

■ It follows that the district court's jurisdiction for the regular judge thereof to hear the evidence and render default judgment in a county in the judicial district other than the one in which the case was filed was conferred by the first sentence in section 2 of article 1919.[2] Continental's points eight, nine, and ten are overruled.

By its findings and failures to find noted earlier in this opinion, the trial court, exercising the discretion vested in it, decided that the facts did not warrant the vacation of the default judgment and the granting of a new trial. With its points of error one, two, and four through seven, Continental challenges the evidential support for the court's findings that it did not, and failures to find that it did, meet the requirements for a new trial. The challenges will be upheld only if there is a showing of the court's abuse of discretion. *Grissom v. Watson*, 704 S.W.2d 325, 326 (Tex.1986).

Continental merited a new trial if its failure to answer before the default judgment was rendered was not intentional, or the result of its conscious indifference, but was due to a mistake or an accident, provided its motion for new trial set up a meritorious defense and was filed at a time when the granting thereof would occasion no delay or otherwise work an injustice to Gutheinz. *Craddock v. Sunshine Bus Lines*, 134 Tex. 388, 133 S.W.2d 124, 126 (1939). In regard to the requirement that the motion for new trial set up a meritorious defense, the motion must allege facts which in law would constitute a defense to the cause of action asserted by Gutheinz, and must be supported by affidavits or other evidence proving prima facie that Continental has such meritorious defense. *Ivy v. Carrell*, 407 S.W.2d 212, 214 (Tex. 1966).

However, by its finding recitations, the court (12) found that Continental failed to allege facts establishing a meritorious defense, and (13) did not find that Continental's motion for new trial and affidavit set up a prima facie meritorious defense. The finding and the failure to find are attacked by Continental with its fourth-point no evidence contention and with its fifth-point against the greater weight and degree of credible evidence contention.

In its motion for new trial, Continental alleged it has meritorious defenses which it desires to present upon a trial on the merits, naming these:

(a) that Gutheinz failed to give proper or timely notice or to tender defense of the prior litigation;

(b) that Gutheinz' alleged damages are not legally compensable; and

(c) that Gutheinz' alleged expenses are unreasonable and not covered by the alleged indemnity.

The motion was accompanied by an affidavit executed by a partner of the law firm representing Continental who, insofar as the meritorious defenses were concerned, stated:

I am one of the lawful custodians of the file ... pertaining to this matter. Having examined said file, it is clear that [Gutheinz] never gave notice to Continen-

---

**2.** This decision prevails because the statute is accepted, as any statute must be taken by the courts, as it is written, for "If Parliament does not mean what it says, it must say so." *See, e.g., Railroad Commission of Texas v. Miller*, 434 S.W.2d 670, 672 (Tex.1968). Yet, it may be that with the enactment of the Government Code and the rearrangement of section 2 of article 1919 as section 24.017 thereof effective 1 September 1985, the Legislature then meant to say, as it provided in separate subsection (e), that henceforth "all default judgments ... must be tried in the county in which the case is filed unless other law authorizes the case to be tried in another county." Tex.Gov't Code Ann. § 24.-017(e) (Vernon Pamp.1986). This rearrange-

ment of the statutory provisions occurred notwithstanding the Legislature's expressed contemplation of the "revision of the state's general and permanent statute law without substantive change." Tex.Gov't Code Ann. § 1.001(a) (Vernon Pamp.1986). Indeed, the Legislature specifically expressed its intent of its revision "as a recodification only, and no substantive change in the law is intended by this Act." Act of June 13, 1985, ch. 480, § 27, 1985 Tex.Sess.Law Serv. 3363, 4090 (Vernon). Nevertheless, in view of the rearranged wording of the current statute, district judges are well advised to try and determine a default case in the county in which it is filed.

tal Savings Association prior to June 1984 of its [*sic*] intention to seek indemnity for attorney's fees and expenses arising out of an earlier litigation which had commenced as to Mr. Gutheinz in February 1982.

The affidavit was received in evidence during the testimony of the affiant at the hearing on the motion for new trial. In his testimony, the affiant spoke to the meritorious defenses alleged only to the extent that he said June of 1984 was the first time Continental received any kind of notice of the lawsuit filed against Gutheinz in February of 1982.

■ At the outset, it does not escape notice that Continental was named as the present association from the merger with Frontier in the counterclaim that initiated the litigation giving rise to Gutheinz' claim for indemnity, and that counsel of record for Frontier, which had been merged into Continental, were served with notice of the counterclaim. But beyond that reality, and accepting that Continental sufficiently alleged and evidenced facts which established prima facie that it was not given prior or timely notice or tendered the defense of the 1982 litigation against Gutheinz, the evidenced allegations do not constitute a defense to Continental. There is nothing in paragraph 17 to require Gutheinz to give notice of the litigation and tender the defense of it as a condition precedent to Continental's liability for indemnification. Since the parties did not so provide, the courts cannot expand the rights or responsibilities of the parties beyond the limits they agreed upon in the contract. *Ideal Lease Service v. Amoco Production Co.*, 662 S.W.2d 951, 953 (Tex. 1983).

Continental's other two meritorious defenses named in its motion for new trial, *i.e.*, that Gutheinz' alleged damages are not compensable, and that his alleged expenses are unreasonable and not covered by the indemnity, are but allegations of conclusions. Aside from the fact that paragraph 17 clearly indemnifies for reasonable expenses, including attorney's fees, Continen-

tal's motion itself contains no allegations of facts to set up the named defenses, and neither the affidavit nor the testimony supports the conclusory allegations. Thus, Continental failed to either set up or prove prima facie either defense. *Ivy v. Carrell, supra,* at 214–15.

Since Continental failed to discharge its burden to meet all of the requirements for a new trial, the trial court did not abuse its discretion in overruling the motion for new trial. *Id.* at 215. Points four and five are overruled. The overruling of these points makes it unnecessary to address Continental's points one, two, six, and seven because, even if sustained, they would have no bearing on the proper disposition of this phase of the appeal. *Cornell & Co. v. Pace,* 703 S.W.2d 398, 404 (Tex.App.— Amarillo 1986, writ ref'd n.r.e.).

■ Continental's third point of error is its attack on the verity of the default judgment with the contention that there is a fatal variance between Gutheinz' prayer for damages and the amount awarded in the judgment. The variance exists, Continental contends, because Gutheinz sought attorney's fees of $17,432.04 incurred in defending the Harrises' counterclaim, $2,000 for attorney's fees in this action, and $2,000 for personal time and expenses, which Continental calculates to be $21,200, whereas the judgment awards $27,262.96 to Gutheinz. The contention is not well-taken, for Continental misreads Gutheinz' petition.

As set out in the forepart of this opinion, Gutheinz sought, pursuant to paragraph 17, indemnification for or reimbursement of $17,432.04 for attorney's fees incurred in the prior litigation, "not less than $2,000" incurred for personal time and expenses in defending the counterclaim, and "not less than $2,000" for attorney's fees in bringing this suit, alleging that the recovery sought is "in excess of the minimum jurisdictional limits of this Court." Absent a special exception, and none was lodged here, the pleadings met the requirement to state "that the damages sought exceed the minimum jurisdictional limits of the court."

Tex.R.Civ.P. 47(b). Continental has not challenged the evidential support for the items of attorney's fees, expenses, and interest totalling the $27,262.96 amount of the default judgment. Consequently, as the law requires, the judgment conforms to the pleadings and the nature of the case proved. Tex.R.Civ.P. 301. The third point is overruled.

The judgment is affirmed.