F. S. BELCHER v. J. W. WILKERSON, EXECUTOR.

1. CHANCERY PRACTICE. *Rehearing under §§ 1071, 1264, Code 1871. Bill to confirm tax title.*

Sects. 1070, 1071, 1264, Code 1871, providing for rehearing on application within a limited time by defendants in chancery, against whom decrees are taken on proof of publication only, apply to decrees in proceedings to confirm tax titles to land, under § 1753 Code 1871.

2. SAME. *Defendant's right to make answer a cross-bill.*

He who brings himself within those sections may defend in any mode of which he might have availed if he had appeared on the return day of the notice, and may make his answer a cross-bill, under Code 1871, § 1030.

3. SAME. *Complainant's right to dismiss his bill.*

The case, after the application is granted, is a pending suit, and the complainant may dismiss his original bill.

4. SAME. *Effect on cross-bill of dismissing bill.*

Dismissal of the bill carries with it the cross-bill, which, setting up a legal title to the land, and the invalidity of the tax title, seeks possession and an account of rents and profits.

APPEAL from the Chancery Court of Tunica County.

Hon. J. C. GRAY, Chancellor.

F. S. Belcher filed his bill, under Code 1871, § 1753, to confirm a tax title to certain land against J. J. Mhoon and "all persons having or claiming any legal or equitable interest therein." On his affidavit that there might be some unknown persons interested in the land, publication was ordered; and, on proof of the publication having been made, a final decree was rendered on Oct. 6, 1874, confirming the tax title. At the April Term, 1875, the following order was made: —

"On motion and petition of John W. Wilkerson, executor of Kate P. Freeman, it is ordered that he be admitted as defendant to this cause, with leave to file his answer, which is now done, and thereupon it is ordered that this cause shall be heard anew on its merits, as if the decree heretofore rendered had not been made ; to the making of which order the complainant by counsel then excepted to be noted upon the record, which is done."

Wilkerson made his answer a cross-bill, setting up a legal title to the land, and the invalidity of the tax title, and asking for possession and an account of rents and profits against Belcher, for whom he proceeded to publish, alleging that he was a non-resident. At the October Term, 1876, Belcher appeared, paid costs and dismissed his bill. Then Wilkerson, on proof of publication, took a *pro confesso* on his cross-bill, set the case down for final hearing, obtained the final decree for which he had asked, and Belcher appealed.

*Chalmers & King*, for the appellant.

1. The Chancery Court has no power to set aside its final decrees after the term at which they are rendered. *Sagory* v. *Bayless*, 13 S. & M. 153 ; *Commercial Bank* v. *Lewis*, 13 S. & M. 226.

2. The dismissal of the bill, even if the decree could be set aside, carried the cross-bill, and the subsequent decree thereon was void. *Ladner* v. *Ogden*, 31 Miss. 332 ; *Thomason* v. *Neeley*, 50 Miss. 310.

*Nugent & McWillie*, on the same side.

1. The proceedings taken do not bring the case within Code 1871, §§ 1070, 1071, as construed in *McAllister* v. *Plant*, 49 Miss. 628.

2. Those proceedings do not apply to a bill to confirm a tax title, which is a special proceeding, not governed by the general chancery practice. Code 1871, § 1753.

3. The bill was to confirm a tax title, which was the only matter that could be litigated in this proceeding. The decree on the cross-bill for possession and an account was manifestly wrong.

*Adams & Dixon*, for the appellee.

1. Wilkerson was properly admitted to defend. Code 1871, §§ 1070, 1071, 1264.

2. After being admitted, he could make his answer a cross-bill. Code 1871, § 1030.

3. The dismissal of the bill did not carry the cross-bill, *Cockrell* v. *Warner*, 14 Ark. 358, 359 ; *Jacoway* v. *McGarrah*, 21 Ark. 347, 348 ; *Hornor* v. *Hanks*, 22 Ark. 572 ; *Allen* v. *Allen*, 14 Ark. 666 ; and, if it did, the result being the same which will be reached by an original bill, this court will not reverse.

CAMPBELL, J., delivered the opinion of the court.

Sects. 1070, 1071 and 1264 of the Code apply to decrees in proceedings to confirm tax titles under § 1753 of the Code. He who brings himself within those sections is entitled to defend in any mode of which he might have availed if he had appeared on the return day of the notice, and it was proper to allow him to make his answer a cross-bill. Code, § 1030. As the decree was not final, and the cause was to be heard anew on its merits, as to the applicant for a hearing anew it was a pending suit, and subject to the right of the complainant in the original bill to dismiss it, as he might have done, if a decree had not been made. The dismissal of the original bill carried with it the cross-bill. *Ladner* v. *Ogden*, 31 Miss. 332; *Thomason* v. *Neeley*, 50 Miss. 310; *Jacks* v. *Bridewell*, 51 Miss. 881. We have no such statute as Arkansas has, and the cases cited from the reports of that State do not apply.

*Decree on the cross-bill reversed, and cross-bill dismissed.*