W. H. SMITH ET AL. v. JOSEPH JASSEN ET AL.

[62 South. 172.]

1. EQUITY. *Reopening case. Dismissal of original bill. Quieting title. Removal of cloud. Averment as to possession. Code 1906, sections 549-550. Demurrer. Laches. Taxation. Tax title. Clouds. Removal. Pleading.*

    Where complainant filed a bill in chancery to quiet title to land, against a named party, and all others claiming an interest in the land described in the bill, and publication was duly made for unknown claimants and after judgment, unknown claimants, for whom only publication was made, appear within two years and have the case opened and file an answer and cross-bill, complainants may dismiss the bill so far as it affects such claimants.

2. SAME.

    In such case the cross-bill being a proceeding under section 550, Code 1906 instead of section 549, it was unnecessary for it to contain an averment either that the cross-complainants were in possession of the land or that there was no adverse occupancy thereof.

3. SAME.

    While the delay of cross-complainants in asserting their rights may be great yet where the cross-bill states no facts showing that such delay has worked any disadvantage to another or changed the condition of the parties to the suit, such delay will not be ground for demurrer.

4. TAXATION. *Tax title. Cloud. Removal. Pleading.*

    A cross-bill sufficiently avers the payment of the taxes on land, for the alleged non-payment of which it was sold,' and under which sale complainants claim title, which charges that cross-complainants are informed and believe that any taxes which may have been due for the year 1884 against said land were paid before the time prescribed by law for the sale of land for delinquent taxes for the year 1884, directly or indirectly, by W. for S., the then owner, and that if mistaken in this, they are informed and believe that any just and legal tax against said lands for the year 1884, was within the prescribed time tendered or offered to the tax collector of the proper county then in office.

APPEAL from the chancery court of Calhoun county.

HON. D. M. KIMBROUGH, Chancellor.

Suit by Joseph Jassen against John H. Shay and all others claiming interest in land. After decree for complainants W. H. Smith and others had the case opened. And from a decree sustaining a demurrer to cross complainant's bill they appeal.

This suit was begun by a bill in chancery filed by the appellees against John H. Shay and all others claiming an interest in the land described in the bill, and publication was duly made for unknown claimants. The bill was filed in September, 1909, and alleged that complainants were the owners of said land, having purchased same through mesne conveyances from the state; said land having been sold to the state in March, 1885, for the taxes of 1884, and by the state having been patented in 1887 to said Shay, from whom these appellees purchased. Shay failed to answer, and in November, 1909, a decree *pro confesso* and final decree was taken as against him, and quieting and confirming appellees' title to said land.

In July, 1911 (within two years), these appellants, claiming an interest in said lands, obtained leave to have the case reopened, and filed an answer, denying the allegations of appellees' bill, and made their answer a crossbill, wherein it was set out that they were the heirs at law of M. N. Smith, deceased, who formerly owned the land and from whom they inherited. The prayer of the cross-bill was for the vacation of the decree in favor of appellees and the cancellation of clouds upon the title of the cross-complainants, and confirmation of their title to said property. The cross-bill alleges that the state had no title to the land at the time it sold same to appellees' vendors, since the alleged sale of said land for taxes was void, first because the taxes had been paid or tendered for the year of the alleged delinquency, and next because certain requirements of law with reference to tax sales had not been complied with, which were set out fully in the cross-bill.

When the case was reopened, appellees (complainants below) entered a motion to dismiss their bill as against appellants, which motion the court sustained, but permitted the cross-bill to remain on file as an original bill. To this cross-bill appellees then filed a demurrer, which was sustained by the court. Among the grounds of demurrer relied upon are gross laches; failure of the cross-bill to allege possession of the premises, or that there is no adverse occupancy; failure to show title in the cross-complainants; and failure to sufficiently show payment of taxes for the year alleged to be delinquent, to wit, 1884.

*Haman & Bates,* for appellants.

*Frierson & Hale,* for appellees.

No brief of counsel on either side found in the record.

SMITH, C. J., delivered the opinion of the court.

The court committed no error in permitting appellees to dismiss their bill in so far as it affected the rights of appellants. *Belcher* v. *Wilkerson,* 54 Miss. 677.

The cross-bill being a proceeding under section 550 of the Code, instead of 549, it was unnecessary for it to contain an averment either that the cross-complainants were in possession of the land, or that there was no adverse occupancy thereof.

While it is true that the delay of cross-complainants in asserting their rights is great, the cross-bill on its face states no facts bringing the case within the rule governing laches, as announced in *Comans* v. *Tapley,* 57 So. 567.

The cross-bill sufficiently avers the payment of the taxes on this land, for the alleged nonpayment of which it was sold, and under which sale appellees claim title. This averment is as follows: "Said cross-complainants charge, as they are informed and believe, that any taxes which may have been due for the year 1884 against said land were paid before the time prescribed by law for

the sale of land for delinquent taxes for the year 1884, directly or indirectly, by one F. Wasserburger for M. N. Smith; and they say that, if mistaken in this, they are informed and believe that any just and legal tax against said land for the year 1884 was within the prescribed time tendered or offered to the tax collector of Calhoun county then in office."

This being true, it is unnecessary for us to determine whether or not the allegations of the cross-bill show that the law governing tax sales was not complied with. From these views it follows that the demurrer to the cross-bill should have been overruled.

Reversed and remanded, with leave for appellees to answer within thirty days after mandate filed in court below.

*Reversed and remanded.*