WILSON *et al. v.* FOSTER CREEK LUMBER & MFG. CO.

(Division A.   Feb. 18, 1924.)

[99 So. 437.   No. 23891.]

1. JUDGMENT.   *All orders and judgments in a cause construed together.*

   In order to determine what has been decided in a cause, all of the orders and judgments entered therein must be construed together.

2. QUIETING TITLE.   *Complainant may dismiss as to one or more defendants.*

   In a proceeding under section 549, Code of 1906, section 306, Hemingway's Code, to confirm title to land, complainant may dismiss as to one or more defendants and proceed against the others to a final decree.

APPEAL from chancery court of Frankin county.

HON. R. W. CUTRER Chancellor.

Bill by the Foster Creek Lumber & Manufacturing Company against Tom D. Wilson and others.   Decree for complainant, and named and some of unnamed defendants appeal.   Affirmed.

*Theo. McKnight,* for appellants.

The bill filed herein sought, among other things, the creation and confirmation of title in appellee to a goodly tract of land, and the correction and reformation of a certain other tract admittedly belonging to the appellant, Tom S. Wilson.   Numerous persons, including the appellants, were made defendants, by name, and in addition to the persons so named, "All persons having or claiming any legal or equitable interest in the land described," were made parties defendant, and notice published accordingly.

Appellants appeared and filed and set for hearing their demurrer to the bill of complaint.   Said demurrers were filed September 11, 1923.   On September 18, 1923, ap-

pellee filed its motion to dismiss "without prejudice" its bill of complaint as to said demurrants, the appellants here. This motion was sustained over, objections. A decree *pro confesso* was thereupon, on the motion of appellee, rendered against: "All of the defendants in this cause." And on the same day, to-wit: September 18, 1923, the final decree herein, was rendered. This final decree, among numerous other things which go to its multifariousness, provided for a change in the description of the two hundred thirty-five acre track admittedly belonging to appellant, Tom D. Wilson, by making same a square instead of parallelogram. And said final decree also, among other things, confirms the title to the land mentioned in the bill, in the appellee, as against: "All persons having or claiming any interest in the land herein described; all persons having or claiming any legal or equitable interest in the land described; and all defendants in this cause." From this decree this appeal is prosecuted.

The effect of the decree dismissing as to appellants "without prejudice" is "that such dismissal shall not operate to bar a new suit which the complainant might thereafter bring on the same cause of action." *Nevitt* v. *Bacon,* 32 Miss. 212.

Appellants had interposed their demurrer, and thereby joined issue with the appellee, and if appellee had the right to dismiss its bill as to appellants it certainly had no right after such dismissal to proceed to take a decree, changing the description of the land of the appellant, Tom D. Wilson, an individual whom appellee had made a party, and as to whom it had dismissed the suit, after said dismissal.

Nor, did appellee have the right to take a decree confirming title in itself against: "All persons having or claiming any interest in the land described; all persons having or claiming any legal or equitable interest in the land described; and all defendants in this cause," for the reason, that appellants were as much parties under the

statutory provision: "All persons, etc.," as they were under the personal summons served on them, and are now confronted with a decree of the same force as if the decree dismissing as to them had never been entered, and the cause had been tried and decided against them.

Appellee being unable to meet the demurrer of appellants, undertook to dismiss as to appellants by name, and then proceeded to take a decree against the World, which covered the rights of appellants as completely as if appellants had never been made parties personally, or in other words, appellee could have disregarded appellants personally, in the first instance, and still appellants would have been included in the general provision, as to "all persons having or claiming any interest, legal or equitable in the land," under the statute, and the publication of notice, and it is respectfully submitted that the appellants are no less bound by the decree herein than if the later course had been followed to begin with, by the appellee.

I am unable to find where the exact question here presented has ever been before this court, but, regardless of what may be the general rule as to dismissing "without prejudice," in a case like this, viewed as a proceeding under the statute for the confirmation of title, with a bill filed against individuals and against "all persons, etc.;" as provided by statute, and after defense interposed by any person, and especially by one made a defendant, personally, the complainant cannot, either legally or logically, be allowed to dismiss his suit as to any defendant "without prejudice," and have such dismissal operate as a decree in favor of the party dismissed.

*D. C. Bramlette,* for appellee.

Appellee, Foster Creek Lumber and Manufacturing Company, filed a bill of complaint to confirm and quiet its title to certain lands described therein in the Chancery court of Franklin county, against possibly more than a hundred defendants. In addition to the deraignment of record title, appellee alleged that appellee and its grant-

ors, immediate and remote, had exercised adverse possession of said land for more than thirty-one years; that appellee was in actual possession of said land, and that there was no adverse occupancy thereof, or claim thereto so far as known to appellee.

In addition to named defendants, unknown heirs, all parties in interest, all persons having or claiming any interest in the land described and all persons having or claiming any legal or equitable interest therein, were made defendants, as provided by the statute.

This suit to confirm and quiet title was not resisted by any of the defendants except appellants herein. Appellants filed demurrers, special and general, to the bill of complaint. Being unwarranted in holding up its entire confirmation proceeding on account of these few defendants out of a large number, and their retention or exclusion as defendants being regarded as immaterial by appellant, appellant moved the court below that it be permitted to dismiss the bill of complaint without prejudice, as to said defendants, namely, appellants.

Surely, appellants are in no position to complain of dismissal of the bill of complaint without prejudice as to them. Had their demurrers been sustained, this is the very most they could have hoped for. Appellee had the absolute right to dismiss the bill of complaint as to appellants without prejudice and certainly it was in the discretion of the chancellor to permit appellee to do so. Appellants by name being out of the case, as shown by the record, then all further decrees and proceedings therein did not affect appellants one way or the other. Appellants, if they have any claim, can go into court at any time to assert it.

Appellants object to the final decrees against the parties named and all "persons having any interest" in the land. Appellee carefully excluded from among defendants in the final decree the names of appellants and the general phrase "unknown parties in interest" or "all persons having or claiming any interest" did not include

appellants because they had by name been excluded as shown by this record, and these phrases apply solely to persons whose names are unknown and the statute could not possibly contemplate that they would include known or named persons under any eventuality. Appellee respectfully submits that the decree of the chancellor should be affirmed.

*Theo. McKnight,* for appellant, in reply.

It is respectfully submitted, that while a number of Mississippi cases may be cited for the dismissal ''without prejudice'' of the entire case and as to all defendants, not one can be found where a suit had been dismissed ''without prejudice'' as to a part of the defendants who have made defense an object to the dismissal. And especially does this apply to a suit, like the instant case, for confirmation of title against ''all persons having or claiming any legal or equitable interest in lands.'' The nearest approach to such holding is *Smith* v. *Jassen,* 105 Miss. 227.

It is neither logical nor legal to sue ''The World,'' then dismiss as to a part of ''The World,'' and follow this with a decree against all of ''The World,'' yet, this is what has been done in the instant case.

While it is true that there is an order in the record in this case dismissing this suit without prejudice as to the appellants, yet, this is not recited in the decree, which covers every allegation and prayer of the bill of complaint, even to the reformation of the description of the land admittedly belonging to the appellant Tom D. Wilson, and which confirms title in and decrees appellee to be the real, legal, equitable and absolute owner in fee-simple of the lands in dispute, and provides that said decree shall be conclusive evidence of title against a long list of defendants, by name, including Alexander Wilson, the father of appellants, and against: ''All unknown parties in interest; all persons having or claiming any interest in the land hereinbefore described; all persons having or claiming any legal or equitable interest in the land de-

scribed; and all defendants in this case;" and, "that the title to all of the property hereinbefore described is irrevocably vested in complaint, Foster Creek Lumber and Manufacturing Company, a corporation."

The final decree herein does not except any person from its operation and effect and is declared both by its own terms and by the provisions of the statutes under which appellee proceeded in obtaining it to be conclusive evidence of title against all parties defendant from the date of said decree.

It is submitted that the court below had no authority to dismiss as to appellants, except by such order as would be equivalent to a decree in their favor. *Phillips* v. *Wormley,* 58 Miss. 398.

*D. C. Bramlette,* for appellee, in rejoinder.

While citation of authority is unnecessary to affirm the decision of the chancellor in this case we call attention to: *Pipkin* v. *Haun,* 1 Freeman's Chancery Reports (Miss.) 254; *Phillips* v. *Warmley,* 58 Miss. 398; *Farmer* v. *Allen,* 85 Miss. 672; *Adams* v. *Lucedale Commercial Co.,* 74 So. 435; *Smith* v. *Jassen,* 105 Miss. 227; *Thames* v. *Duvic,* 89 Miss. 11.

Argued orally by *Theo. McKnight,* for appellants and *D. C. Bramlette,* for appellee.

ANDERSON, J., delivered the opinion of the court.

This was a bill brought in the chancery court of Franklin county by the appellee, Foster Creek Lumber & Manufacturing Company, against appellants, Ella Johnson, T. D. Wilson, John Wilson, Mary Wilson, Manda Wilson, Linnie Wilson, and other named defendants, as well as all unknown defendants, under section 549, Code of 1906, section 306, Hemingway's Code, to confirm appellee's title to a piece of land. Appellants were served with process and appeared and demurred to appellee's bill.

Before the hearing of the demurrer on motion of appellee, the bill was dismissed without prejudice as to the appellants, and an order to that effect signed by the chancellor was entered on the minutes. Appellants excepted to the entering of said order. The cause then proceeded to a hearing, and a final decree was rendered confirming appellee's title to the land involved as against all the defendants in the cause, known and unknown, naming the known defendants, except the names of appellants are not mentioned in the decree. Appellants contend that the language of the final decree is broad enough to cover them; that therefore, although the bill had been dismissed as to them, the court in its final decree rendered a decree against the appellants as well as the other defendants. If nothing but the final decree is to be considered, its language is broad enough to cover the appellants. But in order to determine what has been decided in a cause all the orders and judgments entered therein must be construed together. The decree of the court dismissing appellee's bill as to appellants is to be read into the final decree, and it is just as much a part of the final decree as if it had been written therein. And the language of the final decree by which relief is granted as to all of the named and unknown defendants, appellants not being named therein, is to be construed as meaning to exclude all those defendants named in the order of dismissal. So construing, the two decrees both can stand. There is no real conflict between them. The final decree by necessary implication excluded appellants.

At the time of the dismissal of the bill as to appellants the cause had only proceeded to the stage of a demurrer by appellants to appellee's bill. Appellants contend that in a proceeding under section 549, Code of 1906, Hemingway's Code, section 306, a complainant has no right to dismiss as to any of the defendants. That question is ruled by *Smith* v. *Jassen,* 105 Miss. 227, 62 So. 172. The court in that case held contrary to the contention of appellants.

This is not a case where defendants have been brought into a court of equity and the cause has proceeded to a stage where a defendant would have the right to demand that it proceed to a final determination. We do not think there was any abuse of discretion on the part of the court in permitting the dismissal of the bill as to appellants.

*Affirmed.*