HENDERSON *et al. v.* ODOM.

(In Banc. May 14, 1945.)

[22 So. (2d) 159. No. 35842.]

**E. C. Fishel,** of Hattiesburg, for appellee, on motion to dismiss appeal.

**J. R. Buchanan,** of Laurel, for appellants, on motion to dismiss appeal.

**Smith, C. J.**, delivered the opinion of the court.

The appellants are nonresidents of the state and the appellee sued them in the court below. They were summoned to answer by publication, but failed so to do, and a decree pro confesso was taken against them, followed by a final decree, from which this appeal is taken.

The appellee has filed a motion to dismiss the appeal on two grounds, which are really one: First, that the decree is not final and therefore no appeal lies therefrom, and second, "that the appellant has not exhausted his remedy in the trial court and the appeal is not necessary to get him the relief sought." Sections 1391, 1392, Code of 1942, are relied on by the appellee in support of this motion.

Under these sections, a decree of this character is final for all purposes, including the issuance of process for its execution, unless the defendant applies to the court by which it was rendered for a rehearing within two years after its rendition. It loses its finality and the cause in which it was rendered again becomes a pending cause when, but not until, such an application is made. Belcher v. Wilkerson, 54 Miss. 677; Griffith's Mississippi Chancery Practice, Section 648. It is true that the appellants have the right to apply to the court below for a rehearing of the case, but they also have the right to treat the decree as final and to appeal therefrom under Section 1147, Code of 1942. Had they pursued the first course, they would have been met with the provision of Section 1392 of the Code that "the title to property sold to a purchaser, in good faith, in pursuance of a decree, shall not be affected by any such rehearing." This danger they have the right to avoid by an appeal.

Motion overruled.