## MATTINGLY'S BAKERY *v.* SPARKS MILLING CO.

(Division B.   Feb. 21, 1938.)

[179 So. 271.   No. 33057.]

R. L. **Bullard**, of Hattiesburg, for appellant.

Heidelberg & Roberts, of Hattiesburg, for appellee.

**Griffith, J.,** delivered the opinion of the court.

Appellee, a nonresident corporation, instituted an action at law against appellants in the county court on a note for $75. Soon thereafter appellants filed suit in the chancery court against appellee to enjoin the prosecution of the action in the county court, averring that appellants had an equitable set-off against said note of $75, and, in addition, an equitable demand over in the sum of approximately $6,000. When the chancery bill was presented to the chancellor, he ordered a citation to be issued to the plaintiff in the law action, defendant in the chancery suit, notifying the plaintiff or its attorney to appear, if desired, to show cause, if any, why the temporary injunction as prayed should not issue. This citation was served on the attorney for plaintiff in the law action, but upon him alone, and he appeared and asked time to prepare and file a demurrer to the bill in chancery, for which a week's time was granted. Before the end of the week, appellees nonsuited their

law action and paid all costs therein. This being made known to the chancellor, he held that there was nothing further before the court upon which an injunction could operate and he declined to order the writ.

When term time came on appellants moved for a decree pro confesso on their injunction bill, contending that they were entitled to have the court hear, determine, and adjudicate their said demand over; that they were entitled to such hearing, determination, and decree because the attorney for the plaintiff in the law action had appeared at the preliminary hearing in the chancery suit; and that thereby the nonresident corporation was in court for all purposes and for a full adjudication in the suit in chancery. No service of process was ever had on the nonresident corporation, by publication or otherwise; and it is shown by the undisputed proof that the attorney had no express authority from the milling company to appear for it in the chancery suit.

For want of service on the milling company the chancellor declined to grant the decree pro confesso, and the original action having been dismissed as aforesaid, the chancellor held that there was nothing further before him except to dismiss the second suit, which he did, and from this the complainants in that suit appeal.

Three propositions of law, which lie at the threshold, may be considered as settled: (1) An attorney who is not authorized by his client to appear in an action or suit has no right to appear therein for his client, and if he do so without such authority, his action has no effect to bind his client in any respect whatever. Hirsch Bros. & Co. v. Kennington Co., 155 Miss. 242, 124 So. 344, 88 A. L. R. 1. (2) The employment of an attorney in one action or suit does not of itself confer upon him the authority to appear for the client in another and a different action or suit, no matter how closely related the two suits may be. Scarborough v. Bradley, Tex.

Civ. App., 256 S. W. 349; see, also, notes, 132 Am. St. Rep. 150. (3) An attorney has no authority to accept or waive service of original process in an action or suit in or for which he has not been employed by the client, 7 C. J. S. Attorney and Client, p. 905; and, consequently, no such original process may be validly served upon him for his client.

But there are a few apparent, although not real, exceptions to the rule last stated, and one of these is where a nonresident not subject to original process in this state has instituted here an action at law against a resident, or other person, and the resident or other person has an equitable defense to the action. The equitable defense not being available in the law action, resort must be had to chancery by a bill to enjoin the prosecution of the law action. To such an injunction bill, the principal being a nonresident, it has long been settled as a proper practice to join as a party defendant the attorney who is prosecuting the action sought to be enjoined, the allowance being one founded in the necessities of justice. Or if the attorney be not specifically named as a party defendant, the notice of the bill has been allowed nevertheless to be served on him as a quasi-party defendant, under the same rule of necessity; and because also the writ when issued is allowed to run, as is not unusual in injunction writs, against all persons who are taking part in or who are in immediate control of the action or actions against which the injunction is directed, and this would, of course, include the attorney, or any attorney whom the plaintiff in the law action might subsequently employ.

Since the notice of the injunction suit or the process therein may be served on the attorney as a party or quasi-party defendant, he has the right to appear and defend, in so far as the injunction suit presents any obstacle against the prosecution of the action at law wherein his employment and authority as such exists. His

employment to prosecute the original action at law embraces the authority to take all the necessary and clearly proper steps to resist any and all defenses made therein; and since an injunction suit against the prosecution of the original action would, if the injunction be allowed, operate as effectively and completely to defeat the original action as would a defense made in that action itself, the attorney when so notified or served in the injunction suit, and being as aforesaid a party or quasi-party thereto, would have the same right to resist the injunction, but only as to the injunction, as he would to resist defenses made in the original action.

But the service of notice or process on the attorney in such an injunction has never been allowed under our practice to be made the basis of a demand over against the client, as is attempted to be accomplished here by appellants. The attorney in the original action has no agency or authority except to prosecute that action and ward off defenses to it. If the second suit contained no prayer for injunction, the attorney in the first suit would have nothing to do with it, whatever its other demands might be. With any demand over, the attorney in the first suit has no concern, unless that demand over could be made in the original action. Any service of notice or process for a demand over made upon the attorney in a different suit than the original action would be upon an agent without legal or conventional authority which extended that far, and, necessarily, as to that extent would be wholly ineffective. The appearance by the attorney could have no effect beyond what has been above stated, namely, as a party or quasi-party to defend only to the extent that the injunction, and the injunction alone, presents any obstacle to the original action, and his appearance is to be considered as that of himself as a party or quasi-party defending the injunction alone as it bears, or is sought to be made to bear upon him, and against the performance of his em-

ployment and duties in the original action, not an appearance of or for the principal defendant unless the attorney be specially therein authorized, and, as we have already mentioned, the attorney was not here so specially authorized. Any further allowance upon the rule would run beyond all conservative boundaries, and would be in danger of collision with the constitutional requirement of due process.

The action of the trial court was in accordance with these views, and the decree will be affirmed.

Affirmed.